### In re PURDY.

(Supreme Court, Appellate Division, Second Department. April 18, 1899.)

1. INTOXICATING LIQUORS—REVOCATION OF LICENSE—ENTRANCE TO BUILDING.
  A doorway which has been permanently closed is not an entrance, within the liquor tax law (Laws 1896, c. 112, § 17, subd. 8, as amended by Laws 1897, c. 312, § 10), providing that an applicant for liquor license, when the nearest entrance to the premises described is less than 200 feet from a dwelling, shall obtain the consent of the owners of such dwelling.

2. SAME—SALES IN HOTELS—APPLICATION.
  A license to sell liquor in an hotel under the liquor tax law (Laws 1896, c. 112, § 31, as amended), providing that such hotel shall contain 10 furnished rooms for guests, will not be revoked because there were not 10 rooms when the application was made, where the applicant was engaged in constructing the rooms, which were shortly afterwards completed.

3. SAME—URGING MATTERS FIRST ON APPEAL.
  Under the liquor tax law (Laws 1896, c. 112, § 28, subd. 2, as amended), providing that a petition for the revocation of a liquor tax certificate shall state the facts on which the petition is based, petitioner cannot, on appeal, urge matters not presented in his petition.

4. SAME—FRIVOLOUS OBJECTIONS.
  Under the liquor tax law (Laws 1896, c. 112, § 31, as amended), providing that a liquor license may be granted to the keeper of an hotel which has 10 furnished rooms for guests, an objection that the law is not complied with because 2 of the 10 rooms are connected with a door is frivolous.
  Bartlett, J., dissenting.

Appeal from special term, Westchester county.

Application of Daniel W. Purdy for an order revoking a liquor tax certificate issued to William P. Driscoll by Francis M. Carpenter,

county treasurer. From an order allowing judgment for defendants, and from a judgment entered, petitioner appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Cyrus A. Bishop, for appellant.

WOODWARD, J. The petitioner is a neighbor of William P. Driscoll, who is engaged in the liquor business under the provisions of the liquor tax law, and it is claimed on behalf of the petitioner that the said William P. Driscoll made certain false statements, sufficient to invalidate his liquor tax certificate, in his application for the same. This proceeding is brought under the provisions of section 28 of chapter 112 of the Laws of 1896. Upon a hearing of the parties, the court at special term decided that the petitioner had failed to sustain the allegations made in the petition, and directed a judgment in favor of the respondent. From this judgment, the appeal comes to this court.

While it is undoubtedly true, as a reading of the evidence discloses, that some of the statements made in the application of the respondent were not technically accurate, when we take into consideration that the primary object of the liquor tax law is the raising of a revenue, and that the state, in accepting the fee, is bound to act in good faith with the person taking out the certificate, we think the evidence is not sufficient to warrant the court in depriving the respondent of the benefits of his investment. The statute evidently contemplated that the declarations of the applicant should not be strictly construed against him, if there was an evident intention to comply with the spirit of the law; for it is provided (section 28) that, upon the hearing of the parties, "if the justice or court is satisfied that material statements in the application of the holder of such certificate were false, or that the holder of such certificate is not entitled to hold such certificate, an order shall be granted revoking and cancelling such certificate." In the original statute this determination of the court was made final, but this clause was dropped in the amendments adopted in 1897. Laws 1897, c. 312, § 19, subd. 2. It appears, from the petition and the evidence, that the petitioner's residence is within the distance of 200 feet from the hotel of the respondent, and that three of the doorways of the respondent's hotel are within 200 feet of the nearest doorway of the petitioner's house, which is used exclusively as a dwelling house; but it also appears, from the evidence, that these doorways have been nailed up, one of them having been changed into a window, and that they are no longer used as entrances. The statute (subdivision 8, § 17, c. 112, Liquor Tax Law 1896, as amended by chapter 312, § 10, Laws 1897) provides that, when the "nearest entrance to the premises described" is less than 200 feet from the nearest entrance of a building occupied exclusively as a dwelling, measured in a straight line, it shall be necessary to have the written consent of two-thirds of the owners of premises so situated; but it can hardly be contended that a doorway which has been permanently closed is an "entrance," within the meaning of the statute. The fact that such door might be opened by removing the nails or the boards across it has no bearing

upon the question.    An entrance might be made in a solid wall; but, so long as it is not, the petitioner would have no right to complain. It is admitted that these doors have not been used as entrances since the date of the application, and upon this point there is clearly no reason to disagree with the conclusion of the court at special term.

In respect to the bedrooms, the statute requires that there should be 10 rooms properly equipped for guests, independent of those used by the servants and family, and the evidence discloses that, while there were not 10 rooms in the house meeting the requirements at the time the application for a liquor tax certificate was made, there was space for these rooms, and the owners of the property were actively engaged, in evident good faith, in preparing the same at the time, and that the rooms were actually completed and furnished in the manner required by law within a month of the time the certificate was granted.    For the state to take this respondent's money, and then to cancel his certificate because of a technical misstatement of facts, in no wise going to the merits of the question, could not be justified by any correct process of reasoning.    One object of the law was to compel the selling of liquors under suitable conditions; and the mere fact that some portions of the house, large enough to meet all of the requirements, were not completed at the time of the application, is not material, if it appears, to the satisfaction of the court, that the respondent was acting in good faith, and actually engaged in the construction of the rooms, as described in the application, and that he actually completed this construction within a reasonable period.    This is a question left by the statute to the discretion of the court; and, it not appearing from the evidence that there has been any abuse of that discretion, in so far as the bedrooms are concerned, the judgment appealed from must be affirmed, unless it appears that there are other reasons for its reversal.

It is urged by the petitioner that the dining room fails to meet the requirements of the law (subdivision 2, § 31, as amended), in that it does not contain the necessary 300 square feet of floor space.    The petitioner, in his moving papers, makes no mention of any defect in the premises, in so far as the dining room is concerned.    His petition deals with the entrances and the bedrooms, while the statute (section 28) requires that the petition shall "state the facts on which such allegations are based"; and, in the absence of anything in the petition in reference to the dining room, the petitioner is in no position to urge the matter before this court on appeal.    The only evidence upon the question, which was incidentally developed, is found at folio 95, where an excise inspector testifies that:

"On the ground floor, back of the barroom, there were two rooms of equal size.    One was being used as a dining room, which had about 200 square feet, I should imagine.    The other room, of equal size of the dining room, had a cot in it, and was apparently used as a bedroom at the time; but Mr. Driscoll said the two rooms were to be merged into one, to be a dining room of the legal size."

Obviously, this evidence is not sufficient to overcome the presumptions in favor of the statements made in the application, even if it has any proper place in the proceedings.

The suggestion that the law is not complied with because 2 of the 10

rooms are connected by a door between them was not set forth in the petition; and, if it was, it is unworthy of serious consideration. The law did not contemplate making any foolish requirements, and nothing is more common in all hotels than connecting rooms. The requirement for partitions was not to prevent access from one room to another, but was designed to put a stop to the evasions of the spirit of the law, and to compel those who sought hotel liquor tax certificates to maintain hotels which should, in fact, be designed for the purpose of caring for guests rather than the sale of liquors.

The order and judgment appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur, except BARTLETT, J., who dissents, on the ground that there was not a substantial compliance with the liquor tax law as to the number of rooms in the building.