Supreme Court, Monroe Special Term, March, 1900. Unreported.

In the Matter of the Application of W. L. SAUNDERS to Revoke the Liquor Tax Certificate of HENRY GARNSEY.

NASH, J.: There was no building occupied as a dwelling within two hundred feet of the nearest entrance to Garnsey's premises at the time the certificate was obtained. There was a building in the course of construction within that distance, but it was not and had not been occupied as a dwelling, and could not have been so occupied at that time.

As to the other question, the evidence shows that at the time the certificate was obtained Garnsey had his hotel so far completed that he had the necessary six bedrooms with partitions of the required thickness, but the sash were not in the windows and

the doors had not been hung, and the partitions were not lathed and plastered. The studding had been set up in the partitions of the bed-rooms and covered with building paper. The windows were hung with curtains of the same material. The doors had tapestry hangings, so that the rooms were actually occupied by guests at night and continued to be so until the hotel was completed, about a month later.

It is not questioned but that Garnsey was at the time he obtained the certificate engaged in good faith in the work of completing the construction of a hotel complying in every respect with the provisions of the law, and that it was finished and completed within about a month thereafter.

The case of Purdy (40 App. Div. 133) is controlling on this point. There the respondent had not completed his hotel at the time he obtained his certificate. He had not the requisite number of bed-rooms, but had the space for them and was engaged actively in good faith in preparing them, and the rooms were actually completed and furnished in the manner required by law within a month of the time when the certificate was granted. Held sufficient to entitle the respondent to retain his certificate.

An order may be entered confirming the report of the referee and denying the application of the petitioner with costs, twenty-five dollars and disbursements.