In the Matter of the Petition of LEVI L. KESSLER, Respondent, to Revoke and Cancel Liquor Tax Certificate No. 5,202, Issued to PATRICK CASHIN, Appellant.

LIQUOR TAX LAW — A PLACE HAVING AN ABSOLUTE RIGHT TO A CERTIFICATE DOES NOT LOSE IT BY A NECESSARY TEMPORARY SUSPENSION OF BUSINESS. Statements contained in an application for a liquor tax certificate, made in April, 1899, and while the premises were being repaired after a fire which had partially destroyed them in February, 1899, to the effect that traffic in liquors had been lawfully carried on upon the premises on the 23d day of March, 1896, and continuously since that date, and that the applicant can lawfully carry on such traffic there, do not constitute a willful misstatement of a material matter of fact, within any fair construction of the statute, sufficient in law to warrant the court in revoking the certificate on the ground that the holder thereof had made false statements in the application, in that the occupation has not been actually continuous, since the absolute right to a certificate, which attaches under the

Liquor Tax Law to a place occupied for such traffic at the passage of the statute, and at all times thereafter, is not lost by a temporary suspension of business, caused by fire, accident, or stress of circumstances.

*Matter of Kessler,* 44 App. Div. 635, reversed.

(Argued April 16, 1900; decided June 5, 1900.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 2, 1899, affirming an order of Special Term revoking and canceling liquor tax certificate No. 5,202.

The nature of the proceeding and the facts, so far as material, are stated in the opinion.

*Louis J. Somerville* for appellant. The fact that the licensed premises were closed while repairs were being made and while the liquor tax certificate was in force without any intention of abandoning the traffic in liquor does not make the premises a new place, requiring the consents of adjoining owners. (L. 1896, ch. 112; L. 1897, ch. 312.) The act of 1896 gives the privilege of trafficking to the place, not to the occupant as did the act of 1892, and an assignee of the certificate may continue the business. (*People ex rel.* v. *Lammerts,* 18 Misc. Rep. 344; *Matter of Zinzow,* 18 Misc. Rep. 653; *People ex rel.* v. *Murray,* 148 N. Y. 171.)

*Samuel Strasbourger* for respondent. It was clearly intended by the legislature to restrict the traffic in liquors within 200 feet of a building or buildings occupied exclusively for a dwelling. (*People ex rel.* v. *Murray,* 148 N. Y. 171.) The exception in favor of places licensed at the time of the passage of the act is lost by subsequent abandonment. (*Wynehamer* v. *People,* 13 N. Y. 378; *People ex rel.* v. *Hamilton,* 25 App. Div. 428; *Matter of Lyman* v. *Fuhrman,* 34 App. Div. 389; *Matter of Lyman* v. *Korndorfer,* 29 App. Div. 390; *People ex rel.* v. *Lammerts,* 18 Misc. Rep. 343; 14 App. Div. 628; *Matter of Ritchie* v. *Samuely,* 18 Misc. Rep. 341; *Matter of Bridge,* 25 Misc. Rep. 213; 36 App. Div. 533.)

O'BRIEN, J. This proceeding is founded upon the petition by a citizen to the court, praying for an order revoking and canceling a liquor tax certificate issued by the commissioner of excise to one Patrick Cashin upon his written application, verified April 18, 1899. The beginning of the term for which the certificate was desired by the applicant was stated by him in the application to be May first, 1899. It is then alleged in the petition that certain statements made in the application by the applicant were false, and this is the ground upon which the certificate was revoked. The statements in the application alleged to have been false were, in substance, as follows : 1. That the traffic in liquors had been lawfully carried on upon the premises on and since March 23, 1896, and that since that date the premises had been occupied continuously for such traffic. 2. That the applicant might lawfully carry on such traffic in liquors on the premises.

The false statements in an application for a certificate which will justify its revocation under the statute must relate to some material matter of fact, and it must be shown that such fact was willfully misstated by the applicant. If the statement relates to some matter of law, as to which the applicant is ignorant or misinformed, that will not be sufficient to warrant the court in canceling a certificate. It appears in this case that the place where the business was to be conducted was in a residential district where the consent of the residents within two hundred feet of the place is required in order to permit the traffic, unless the premises had been used for that purpose on the 23d of March, 1896, when the present law went into effect, and continuously since that day, for the same purpose. It appears from the record that the premises in question were actually used for the liquor traffic on the day mentioned and continuously thereafter until the 22d day of April, 1898, the then occupant procured a new license, which expired on May 1st, 1899. This license was transferred to Cashin on the 20th of April, 1899. It appears that, at this date, the business was temporarily suspended, for the reason that the building, or a portion of it, had been destroyed by

fire on the 19th of February previous, and it was not repaired
or rebuilt, so as to permit the conduct of the business therein
until the 19th of May following.   Unless this temporary sus-
pension of the traffic was sufficient to deprive the place of
the right to a license reserved in the general law to places
where the traffic was being conducted at the date of its
passage, the. statements of the petition were not false within
any fair construction of the statute.   The suspension was due
entirely to the fact that the place had been wholly or partially
destroyed, since there was no intention to abandon the busi-
ness, but, on the contrary, to resume it as soon as the building
was in a proper condition for that purpose, and it was actually
resumed by Cashin under the certificate in question as soon
as the place was put in a suitable. condition for the business.

The provision of the statute which secures the right to a
license for a place where the business is conducted at the time
of the passage of the law, does not require that the traffic
should be continuous under any and all circumstances.   The
plain purpose of the law was, that when the business in such
places has been once abandoned, it should not be resumed
except with the consent of the residents, as pointed out in the
statute.   A temporary suspension of the traffic, resulting from
an accident such as the destruction of the building by fire, or
the like, will not operate to affect the right attached to the
premises under the law.   A suspension of the traffic on Sun-
days is enjoined by the statute itself, and so in regard to the
day of a general election, and possibly some other days, but
where a party is in possession of premises to which the privi-
lege conferred by the statute has attached and he is compelled
to suspend business temporarily, by reason of an accidental
fire, and then resumes in good faith when the necessary repairs
required by the fire have been made, it can properly be said
that the traffic has been continuously conducted in the place
since the passage of the law.   In order to deprive the place
of the privilege conferred by the statute it must appear that
there was a real and substantial abandonment of the business
by the occupant; and when that is shown it will terminate

the privilege, even though the suspension should be for but a brief period. But where the occupant is compelled to suspend for a brief period by stress of circumstances, or from an accident, such as appears in this case, the right will not be lost, providing the business is resumed at the first reasonable opportunity. We think that the facts upon which this application was based, and which appear in the record, were not sufficient in law to warrant the court in revoking the certificate on the ground that the person holding it had made false statements in his application.

The order appealed from should, therefore, be reversed; and, since there is no dispute with respect to the facts, the proceedings should be dismissed, with costs.

PARKER, Ch. J., BARTLETT, HAIGHT and MARTIN, JJ., concur; VANN, J., absent; LANDON, J., dissenting.

Order reversed, etc.