Matter of the Petition of GERTRUDE A. HAIGHT for an Order Revoking and Canceling Liquor Tax Certificate No. 24354, Issued to WARREN J. PARSELL.

(County Court, Chautauqua County, January, 1901.)

Liquor Tax Law — Exemption from consents not conferrable upon an adjoining building of the certificate holder by his incorporating it into the building exempted.

The owner of premises, occupied exclusively as a hotel on the 23d day of March, 1896, thereafter procured a liquor tax certificate for it, being exempted by statute from procuring the statutory consents. In 1899 after taking in a building, across an alley, acquired by him under a separate deed and which had been used as a hardware store, he applied to have the certificate transferred to the latter building and falsely stated in his application that there were no buildings occupied exclusively as dwellings within 200 feet of the hardware store.

Held, that the privilege which attached to the hotel could not be made to inure to the benefit of the independent hardware store by incorporating the latter into the hotel, that the statement of the application was false as matter of fact, and that the certificate must, therefore, be forfeited.

PROCEEDINGS, under the Liquor Tax Law, for the revocation and cancellation of a liquor tax certificate.

Franz C. Lewis, for petitioner.

Ottaway & Munson, for Warren J. Parsell.

FISHER, J. This proceeding was brought by petition, under the provisions of subdivision 2 of section 28 of chapter 112 of the Laws of 1896, as amended by chapter 312 of the Laws of 1897, for an order revoking and canceling liquor tax certificate No. 24354, issued to Warren J. Parsell, of Brocton, on the ground that material statements in the application of the holder of such certificate were false. The facts are either stipulated or contained in the papers without dispute, all allegations of the petition in reference to alleged illegal selling of liquors, etc., being eliminated from the case upon the hearing, and the only question remaining is one of law.

On the 23d day of March, 1896, at the time the Liquor Tax Law went into effect, Warren J. Parsell was conducting a hotel, situated upon the south side of Main street, in the village of Brocton, Chautauqua county. He had no license for the sale of intoxicating liquors at that time, but, subsequently, applied for a liquor tax certificate, which was issued to him, and from that time down to about the 3d day of September, 1900, he continued to sell liquors upon the premises described in his various applications for such certificates. Mr. Parsell was the owner of these premises, and, under the Liquor Tax Law, he was exempted from the provisions requiring the consent of the property-owners, whose " Nearest entrance to the premises described in said statement as those in which traffic in liquor is to be carried on is within two hundred feet, measured in a straight line, of the nearest entrance to a building or buildings occupied exclusively for a dwelling," because of the fact that it was " occupied as a hotel " on the date of the passage of the act. § 17, subd. 8. This exception, from the general policy of the law of the State, which was designed to protect residential districts from the presence of saloons and hotels, where intoxicating liquors were sold without the consent of the people living in the vicinity, was intended to preserve the property rights existing at the time of the enactment of the Liquor Tax Law, and is generally

County Court, Chautauqua County, January, 1901.    [Vol. 33.

conceded to be a right attached to the premises.   Matter of Kessler, 163 N. Y. 205–208.   At the time that the Liquor Tax Law was enacted, and while Mr. Parsell was conducting his hotel without a license, there was a building upon the same side of the street, and separated by an alley from the hotel premises, which was used as a hardware store, and this building continued to be so used down to the summer of 1899.   On or about the 1st of September in that year, Mr. Parsell purchased the premises occupied by the hardware store, and, subsequently, made certain improvements, by which, to outward appearances, the hotel building and hardware store were made one, and in September of 1900, he made application to the county treasurer to have the liquor tax certificate then in force transferred to the building which had been purchased the year before and merged in the hotel.   In the application for this transfer Mr. Parsell states, under oath, that there are no buildings occupied exclusively as dwellings within the distance mentioned in the statute, but it is now conceded that there are two such buildings, one of them being occupied by the petitioner, the theory of Mr. Parsell being that the answer is not a material statement, on the part of the applicant, as the consents required by section 17 of the Liquor Tax Law were not necessary.   The object of the statute is the raising of a revenue, primarily considered (Matter of Purdy, 40 App. Div. 133), and were it true that it was not necessary, as stated in answer to the eighteenth question of the application blank, to have the consents of these persons occupying buildings exclusively as dwellings, we would have little difficulty in agreeing with this contention.   We are of the opinion, however, that the position of Mr. Parsell cannot be supported; that the building purchased by him in 1899 was not entitled to the privilege existing in favor of the hotel property, and that it was necessary, therefore, before it could be used for the sale of intoxicating liquors, that the consents required by section 17 of the act should be secured and filed with the application.   Mr. Parsell, in his application, concedes that the premises were not actually occupied as a hotel on the 23d day of March, 1896, and in answer to the question, " Since what date have the premises been continuously occupied for such hotel traffic? " he answered, " New place ".   If the premises were not actually occupied as a hotel on the 23d day of March, 1896, and if it was a " new place ", then it was clearly subject to the general rule, and to the declared policy of the

State, and the consents required by section 17 of the Liquor Tax Law were necessary. If they were necessary, then the statement of Mr. Parsell, that there were no buildings used exclusively as dwellings within the limits fixed by the statute, was material, and, being false, his right to the certificate is not shown, and he has no legal claim to the privileges which it was intended to secure.

By the provisions of subdivision 3 of section 17 of the Liquor Tax Law, the applicant for a certificate is required to make a statement under oath, of " The premises where such business is to be carried on, stating the street and number, if the premises have a street and number, and otherwise such apt description as will reasonably indicate the locality thereof, and also the specific location on the premises of the bar or place at which liquors are to be sold ", thus indicating the intention of the lawgiver to confine the traffic within specific limits. In the application of Mr. Parsell, in May, and again, in September, on the occasion of the transfer, he describes the premises as " South side of Main street, in the village of Brocton, N. Y.", which is hardly an " apt description " of the premises, as it might be said of any one of a dozen or more buildings in that place. The law unquestionably intended that the premises should be designated so that they could be distinguished from other premises in the same locality, and that the certificates, as well as all exceptions to the general provisions of the law, should be confined strictly to the premises to which they were applicable, and not to such premises as might, in the future, be connected with the original premises. This is evident from the provisions of subdivision 6 of the same section, which provides that " There shall also be filed simultaneously with said statement, a consent in writing that such traffic in liquors be so carried on in such premises    *    *    *    except in such cases where such traffic in liquors was actually lawfully carried on in said premises so · described in said statement on the twenty-third day of March, eighteen hundred and ninety-six, in which case such consent shall not be required ". It is certain that when Mr. Parsell took title to the hardware store property, he could not have procured a certificate to sell liquors on such premises, without the consents required by section 17 of the act, without a violation of the law; he held those premises by conveyance, separate and distinct from that which the hotel property was granted. In law the properties were as distinct as though they had been separated by a highway, or by any number of intervening

Supreme Court, January, 1901.          [Vol. 33.

properties, and no new rights accrued to Mr. Parsell, in so far as the privilege of selling liquors is concerned, by the work of boarding-up the alleyway between the buildings and connecting them under a single roof. If this could be done the whole policy of the law could be defeated by merging the various intervening buildings under one roof, or by connecting them by passage-ways, until, at last, a saloon might be located at the very doorway of a home or church, though the parent saloon or hotel might be several blocks removed.

The Legislature has declared the public policy of the State to be to separate the hotels and saloons from the immediate presence of the homes, the churches and the schools. It was necessary, to save the constitutional rights of property-owners, not to make this rule apply to those who had investments which would be depreciated by denying to them the right to continue in the business of selling liquors where they were established, but it is no part of the duty of the courts to extend this exemption, and we shall be within the law in holding that the consents required by section 17 of the Liquor Tax Law were necessary to give Mr. Parsell any right to make use of his recent purchase for the purpose of selling liquors upon such premises.

Certificate revoked, with fifty dollars costs, and disbursements to be taxed.

---

T. Ellett Hodgskin, as Trustee in Bankruptcy of the Estate of Adolph Kuffler, Plaintiff, *v.* Ralph Heim et al., Defendants.

(Supreme Court, Kings Special Term, January, 1901.)

Action by trustee in bankruptcy to follow funds fraudulently transferred by the bankrupt — After dissolution, firm property in the hands of a continuing partner is subject to his individual debts.

At a time when a firm and both of its partners were insolvent, one partner withdrew, the continuing partner afterwards and before making a general assignment and with intent to give the retiring partner a preference, returned him his capital, the latter paid the money to his wife for a pretended debt and she loaned it to a third party. Subsequently, the continuing partner alone was thrown into bankruptcy.