the general committee, is acting in collusion with the defendant, or that it would be improper for him to institute and prosecute an action against the defendant, we think another committee may be appointed of the fund in question, and that an action to recover or protect the interests of the incompetent in such fund should be commenced and prosecuted by such committee.

It follows that the interlocutory judgment should be reversed, and the demurrer of the defendant sustained, with costs.

SPRING and STOVER, JJ., concur. HISCOCK, J., concurs in the result, upon the additional ground that the legal title to the fund in question was vested in the committee, by whom the action should have been instituted, if at all. WILLIAMS, J., dissents, on the ground that the committee had no interest whatever in the fund, and that if the guardian was improperly appointed, instead of the action being brought by Dorothy Rankert alone, the remedy to relieve the action of the guardian is by motion, and not by demurrer.

---

## In re McCOY.

(Supreme Court, Appellate Division, Second Department. April 21, 1905.)

1. INTOXICATING LIQUORS—LICENSE CERTIFICATE—DESCRIPTION OF PREMISES—SCOPE OF AUTHORIZATION.

A certificate, issued under the liquor tax law (Laws 1896, p. 51, c. 112, § 11, subd. 1), as amended by Laws 1897, p. 210, c. 312, § 6, providing for the assessment of taxes on the traffic in liquors to be drunk on the premises where sold, which authorizes the applicant to traffic in liquors in a room situated in the basement of a certain hotel, but which does not grant a hotel license, or permit the carrying on of the liquor traffic at any place except in the single room described, does not authorize the sale of liquors in any other part of the hotel building than that room.

2. SAME—CONSENT OF PROPERTY OWNERS—SIGNATURE BY AGENTS.

An executor with power to sell, and authorized, as agent, to rent the premises and take exclusive charge of them, is not the duly authorized agent of the owner, within the meaning of the provision of the liquor tax law (Laws 1896, p. 60, c. 112, § 17, subd. 8, as amended by Laws 1897, p. 220, c. 312, § 10), requiring the applicant for a liquor license to file a consent executed by the owner or owners, "or by the duly authorized agent or agents of such owner or owners," of at least two-thirds of the total number of dwellings within 200 feet of the premises where the liquor is to be sold; but the only duly authorized agent, within the meaning of the statute, is one authorized by the owner to sign the consent in his behalf.

Appeal from Special Term, Westchester County.

Petition by George E. McCoy for an order revoking and canceling a liquor tax certificate issued to Clifton E. Forbush. From an order denying a motion to reopen the proceedings revoking and canceling the certificate, said Forbush appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH, and MILLER, JJ.

James Dempsey, for appellant.
D. S. Herrick, for respondent.

MILLER, J. This is a proceeding, under subdivision 2 of section 28 of the liquor tax law (Laws 1896, p. 69, c. 112, as amended by Laws 1897, p. 229, c. 312, § 19), for the cancellation of a liquor tax

certificate on account of material statements in the application for such certificate, alleged to be false.

The evidence warrants the finding that, at the time of the issuance of the certificate, Forbush was the proprietor of a hotel in Peekskill known as the "Hotel Raleigh," situated on the corner of South and Depew streets, the nearest entrance to which was within 200 feet of the nearest entrance to a church situated on South street. The applicant applied for and received a certificate, under subdivision 1 of section 11 of the liquor tax law, as amended by Laws 1897, p. 210, c. 312, § 6, to traffic in liquors in a room situated in the basement of the hotel building on Depew street, having a single entrance from Depew street, and none whatever from any portion of the hotel building. This entrance was more than 200 feet from the church. The certificate obtained did not grant a hotel license or permit the carrying on of the traffic in liquors at any place except in the single room described. A sale of liquors, therefore, in any other part of the Hotel Raleigh building, was not authorized by this certificate. There was a poolroom in the basement of the building adjoining the room described in the application, having access to other parts of the hotel building, but without any to the room in question, except that there was a window in the partition between the two rooms, the bottom of which was 8 feet from the floor on the side of the room used for the saloon, and 5 feet on the side used for the poolroom, which it is claimed was kept fastened by a bolt, and used only for the purpose of admitting light. The application stated that there were ten buildings occupied exclusively as dwellings within 200 feet of the nearest entrance to the premises where the business was intended to be carried on. Three of these buildings were owned by five persons, devisees of Robert MacKellar, deceased, until conveyed as hereinafter stated. Attached to the petition was the consent of William H. H. MacKellar as executor of Robert MacKellar, deceased. It is necessary to count the three buildings in respect to which said MacKellar, as executor, consented, in order to obtain the necessary two-thirds required by the statute. Said MacKellar was one of the devisees of his testator, and was executor, with a naked power of sale. He testified that he had exclusive management of the property, rented the premises, and paid the taxes, and that he did everything that a man could do if the property was his own personally. The consents were signed on the 25th day of February, 1903; and on the 2d day of July, 1903, before the application for the liquor tax certificate was filed with the county treasurer, said MacKellar, as executor, conveyed said three parcels to one Dora Solkin.

It is claimed by the respondent that the application for the certificate contained three material statements which were false: First, that the place where the applicant intended to traffic in liquors was not on the same street or avenue and within 200 feet of a building occupied exclusively as a church or schoolhouse; second, that no other business was to be carried on by the applicant or another in any room adjoining, and not entirely separated from the room in which the traffic in liquors was to be carried on

by a solid partition, at least 3 inches thick, extending from floor to ceiling, without any opening therein; and, third, that the applicant had attached a consent in writing, etc., executed by the owner or owners, or by the duly authorized agent or agents of such owner or owners, of at least two-thirds of the total number of buildings occupied exclusively for dwellings, etc.

As to the first proposition, it may be urged with some force that, the applicant having applied for and obtained a certificate which only entitled him to traffic in liquors in a single room of the building referred to, having no means of access to any part of said building, with only one entrance, and that from the street, more than 200 feet from the entrance to the church referred to, the first statement challenged was not false.

As to the second statement, it may be urged that it was required because of section 22 of the liquor tax law, as amended by Laws 1897, p. 223, c. 312, § 14, which prohibits the granting of a liquor tax certificate under subdivision 1, § 11, to a person "engaged in carrying on the business of selling dry goods or groceries, or provisions, or drugs as a pharmacist," in the same building, unless in a room separated by partitions at least three inches thick, extending from floor to ceiling, with no opening or means of communication between the room where the traffic in liquors is carried on and the store or rooms in which the selling of dry goods, groceries, provisions, or drugs, as a pharmacist, is carried on, and that, inasmuch as that section does not apply to a person engaged in conducting a hotel in the same building in which the proposed traffic in liquors is to be carried on under subdivision 1 of section 11, the statement alleged to be false is immaterial, and, within the authority of Matter of Kessler, 163 N. Y. 205, 57 N. E. 402, does not present ground for revocation.

It is unnecessary, however, to decide these questions, because it is clear that the appellant did not have the consent of the owner or owners, or their duly authorized agent, of two-thirds of the buildings used exclusively as dwellings within the 200-feet limit; and, in determining this question, it is unnecessary to consider the effect of the conveyance by William H. H. MacKellar, as executor, prior to the filing of the application for the liquor tax certificate, because it is clear that he did not have the authority required by the statute to sign the consent for the other owners. As executor, having a power of sale, he was not their agent, within the meaning of the statute; and the fact that he had the exclusive management of the property, rented it, etc., as testified to by him, did not make him such agent. The statute (section 17, subd. 8, as amended by Laws 1897, p. 220, c. 312, § 10) reads: "There shall also be so filed simultaneously with said statement a consent in writing that such traffic in liquors be so carried on in said premises during a term therein stated, executed by the owner or owners, or by the duly authorized agent or agents of such owner or owners of at least two-thirds of the total number of such buildings within two hundred feet so occupied as dwellings, and acknowledged as are deeds entitled to be recorded." The expression "duly authorized agent or

agents of such owner or owners" includes only such agents as are duly authorized by the owner to sign the consent in his behalf. The mere fact that a person is agent for the owner to rent the premises, and to take such charge of them as an agent to rent generally has, is not sufficient to constitute him an agent duly authorized to sign the consent referred to in the statute. It follows, therefore, that the statement in the application of the appellant with reference to the consent of the owners of two-thirds of the dwellings situated within 200 feet was false, and upon that ground the certificate was properly revoked.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.