(53 Misc. Rep. 358.)
### In re CLEMENT, State Excise Com'r.

(Supreme Court, Special Term, Fulton County.  March, 1907.)

INTOXICATING LIQUORS—CERTIFICATE—APPLICATION.

>　Where an applicant for a liquor tax certificate stated in his application that traffic in liquor was not lawfully carried on in the premises at a certain date, and that the premises were not occupied as a hotel at such date, and that there were only two buildings occupied exclusively as dwellings within 200 feet of the premises, when there were in fact four to his knowledge, the certificate will be canceled, though traffic in liquor was actually carried on on the date mentioned, so that the statement as to the dwellings was immaterial.

Petition by Maynard N. Clement, state commissioner of excise, for an order revoking liquor tax certificate No. 26,202, issued to Myrtle F. Briggs.  Certificate revoked.

Russell E. Healey (William G. Van Loon, of counsel), for petitioner.
H. M. Eldredge, for certificate holder.

SPENCER, J.  In these proceedings it is sought to revoke the certificate solely on the ground that the statement in the application that there were only two buildings occupied exclusively as dwellings within 200 feet of the premises is false.  The respondent made no denial of the charge, admitting by her answer that there were in fact three dwellings within the prescribed limits.  As the required consents had not been obtained or filed, the issue thus formed required a revocation of the certificate provided the court found that the statement as to the number of dwellings was intentionally false.  But the respondent did not limit her answer to this subject, but alleged that other statements in her application were false, and that, in case she had told the truth in respect to those other matters, she would have been entitled to a certificate without the consent of any owner of dwellings.  Her application for the certificate contained the usual questions propounded by the excise department, and, by answers thereto, she stated that the traffic in liquor was not actually lawfully carried on in the premises on March 23, 1896; that said premises were not at that time actually occupied as a hotel; that the sale of liquor had only been carried on in said premises since May 1, 1903; and that the same had been used for the purposes of a hotel only since the latter date.  These facts indicated clearly that the premises were not among those classed as privileged, but premises in respect to which consents must be presented or be on file.  It is doubtful whether any issue was raised by the answer, but the matter was sent to a referee to take testimony.  Upon the coming in of his report, an order was made denying the application to revoke upon the authority of Matter of Moulton, 59 App. Div. 25, 69 N. Y. Supp. 14.  The petitioner immediately applied for an opening of the proceeding and for a rehearing of the matter, which application was granted and reargument on the merits had, and this is such rehearing.  It calls for a consideration of the case of Moulton, as to whether it is controlling in respect to the issue raised by the petition and answer.

In Matter of Kessler, 163 N. Y. 205, 207, 57 N. E. 402, it was held that, in order to justify the revocation of a certificate, "the false state-

ments in an application * * * must relate to some material matter of fact, and it must be shown that such fact was willfully misstated by the applicant. If the statement relates to some matter of law, as to which the applicant is ignorant or misinformed, that will not be sufficient to warrant the court in canceling a certificate." I think this may be regarded as a fair and reliable enunciation of the general rule applicable to cases of this kind. But in Matter of Moulton, 59 App. Div. 25, 69 N. Y. Supp. 14, which is claimed to be controlling here, this statement of the Court of Appeals is cited in support of what seems to me to be quite a different proposition. The headnote of that case reads as follows:

"Untrue statements contained in an application for a liquor tax certificate will not invalidate the certificate issued upon such application, if the applicant would have been entitled to the certificate had he correctly stated the facts, in such a case the false statements are immaterial."

I seriously question whether the language of the opinion will sustain the proposition thus set forth in the headnote. The decision has, however, been affirmed by the Court of Appeals (168 N. Y. 645, 61 N. E. 1131) on the opinion of the court below. It is nevertheless fair to assume that this was done without regard to the language of the headnote. The record which was before the Appellate Division of the Court of Appeals is now before me; and, from a careful examination. of the same, I am of the opinion that the proposition contained in the headnote was not in any way involved in the issues there raised, nor in any manner necessary for a determination of the case. The petitioner there claimed that two statements in the application were false, viz., the statement that liquors were sold on the premises March 23, 1896, and the statement in regard to the proximity of dwelling houses. The court found that the statement in regard to the sale of liquor on the premises March 23, 1896, was true, and brought the place within the privileged class, and that the applicant was therefore entitled to a certificate without consent from property owners, and that the statement in respect to property owners, though false, was immaterial, for the simple reason that the applicant was entitled to the certificate whether such statement were false or true. This was the only question in the case necessary for the decision. The enunciation of the headnote is quite a different proposition. If good law, it permits an applicant to obtain a certificate upon false statements, and, when revocation for that reason is sought, permits him to sustain it by the substitution of the truth. Such a rule carries its own condemnation.

In the case at bar the applicant in her application swore that traffic in liquor was not carried on in the premises on March 23, 1896, and that such premises were not occupied at that time as a hotel, and that such business had only been carried on there since May 1, 1903. The petitioner does not attack this part of the application. His sole charge is that the applicant's statement in respect to dwelling houses is false. The defendant comes into court, and, while practically admitting that her statement in respect to the number of dwellings is false, yet, by way of defense, says:

"That is not the only false statement in my application. There are several other false statements which I made in ignorance and under a misap-

prehension, and, if those had not been made and I had told the truth in respect to those matters, I would have been entitled to a certificate."

To permit her to do this would establish a rule whereby an applicant might obtain a certificate upon an application that contained no word of truth, and permit him to sustain it by a disclosure of the truth. I do not believe an applicant may be permitted to accomplish such a complete somersault. If so, then a different rule must obtain in these proceedings from that which is applicable in any other proceeding known to the law. But it is said that the case of Moulton, supra, expressly so holds and is controlling. I confess I am not able to dispute this, but, as indicated above, I do not regard the language employed as a law binding upon this court. The defendant may not play fast and loose in the manner here attempted. She must stand or fall upon the truthfulness of her own statements. She cannot make immaterial what was clearly material at the time the certificate was issued. I am therefore of the opinion that the evidence relating to business done on the premises March 23, 1896, was immaterial and not within the issue; that, having obtained her certificate on the ground that the premises were not privileged and that the necessary consents had been given, she cannot, in proceedings to revoke, make the facts upon which the certificate was granted immaterial by showing that, if she had stated the truth in respect to other matters, she would have been entitled to a certificate on other grounds. A rule of law to the contrary would introduce into these proceedings the utmost confusion and uncertainty and give aid to the grossest deceptions.

We thus come to the question whether the statements, made by her and upon which the certificate was issued, were willfully false within the ruling of Matter of Kessler, supra. Her application states that there are only two dwellings within the prescribed limits. By her answer she admits there are three. The proof very satisfactorily shows that there are four. I cannot conceive how she could have been misled or have innocently misstated the number.

I am therefore of the opinion that the certificate was issued upon false statements, known by the applicant to be false at the time they were made, and that, therefore, the certificate should be revoked and canceled, with costs. Ordered accordingly.