THE STATE, JAMES ECKERSLY ET AL., PROSECUTORS, v.
ROBERT A. ABBOTT.

Submitted July 2, 1909—Decided October 25, 1909.

1. An inn or tavern in which the occupants have for many years carried on the business of retailing liquors under a license granted annually for that purpose, does not become a "new place" under the act of 1906 (*Pamph. L.*, *p.* 199), merely because an applicant was refused a license, when the occupant applied, at the first opportunity, for a license to keep an inn or tavern in that place, and it was granted.

2. In order to make it a new place under the law there must be some proof showing that there was a real and substantial abandonment of the business. The refusal of a court to license a particular applicant is not sufficient.

On *certiorari.*

Before Justices REED, BERGEN and VOORHEES.

For the prosecutor, *Samuel A. Atkinson* and *Peter Backes.*

For the defendant, *John T. Van Cleef, John H. Backes* and *Eckard P. Budd.*

The opinion of the court was delivered by

BERGEN, J. This writ was allowed to test the legality of the action of the Court of Common Pleas of the county of Ocean in granting to the defendant a license to keep an inn and tavern. The prosecutor claims that the action of the court was illegal because it was the granting of a new license within two hundred feet of a church, which, under *Pamph. L.* 1906, *p.* 199, the court has no power to grant.

It appears from the record that the different occupants of the house or hotel had been licensed continuously for a great many years previous to 1908, but that at the April term of that year the occupant was, for some reason, refused a license,

nevertheless he continued to reside in the building, and there was no proof of any fact from which it can be inferred that the occupant had indicated any intention of abandoning the business, provided he could obtain a license, and at the first opportunity he did make an application for a license, which was granted, and is now the subject of this review.

The conclusion which we have reached is that it was not the legislative intent to prevent the renewal or continuance of a license to sell liquor at a place in existence at the time the law went into effect, unless there is a real and substantial abandonment of the business, and that therefore there must be something more than the mere refusal of the court to continue or renew a license to bring the place within the legislative definition of "a new place." If it appeared that after opportunity to renew an application, which had been denied, the applicant had neglected his opportunity to obtain a license, or done anything to indicate an abandonment of the business, then we think it may lose its place in the class which the law evidently intended to protect. *Matter of Kessler,* 163 *N. Y.* 205; *Sandman* v. *Brush,* 179 *Id.* 93.

The argument that if one year is not sufficient, twenty years would not be, is not controlling, because the length of time a place remains unlicensed would be evidence of an intention to abandon the business, but under the law in this state, when the license is refused, no application can be made until after the expiration of one year, and in this case an application was made as soon as an opportunity was afforded. We therefore are of the opinion that this license was not granted to a new place within the meaning of the act, and that the writ of *certiorari* should be dismissed, with costs.