In the Matter of the Petition of HERBERT S. SISSON, as State Commissioner of Excise, Respondent, for an Order Revoking and Canceling Liquor Tax Certificate No. 18075, Held by WILLIAM A. DECKER, Appellant.

Third Department, November 13, 1918.

**Liquor Tax Law — transfer of certificate to place designated by commission as one where liquor may not be sold — when consent of property owners not necessary.**

The holder of a liquor tax certificate for premises used for the traffic in liquors since 1890 procured for the ensuing year a certificate to conduct business at another number on the same street, at which liquors had been sold for the year ending September 30, 1917, after the commission appointed under the Liquor Tax Law, as amended by chapter 623 of the Laws of 1917, to reduce the number of places where traffic in liquors might be carried on, had designated such place as one where the traffic in liquors might be pursued and the original place of business as one where liquor should not be sold. Thirteen days thereafter he procured a transfer to his original place of business and filed notice of abandonment of the other place. No consent was obtained of the owners of the premises within 300 feet of the original location. Thereupon, on proceedings for that purpose, the liquor tax certificate was revoked. The Liquor Tax Law, as amended, provides that consent of property owners shall not be required where " traffic in liquor was actually lawfully carried on in said premises * * * on the twenty-third day of March, eighteen hundred and ninety-six."

*Held,* that the owner of said certificate was not within the prohibition of the Liquor Tax Law in that he was obliged to obtain the consents of persons residing within 300 feet of the premises.

In such case the certificate cannot be revoked on the ground that the owner thereof falsely stated that he would lawfully carry on the traffic in liquors upon the premises under the liquor tax certificate applied for.

APPEAL by William A. Decker from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Ulster on the 25th day of June, 1918, revoking and canceling a liquor tax certificate.

*Van Etten & Cook* [*Andrew J. Cook* of counsel], for the appellant.

*Harry D. Sanders* [*Porter L. Merriman* of counsel], for the respondent.

LYON, J.:

This is an appeal from an order canceling a liquor tax certificate. The facts are undisputed. William A. Decker was the holder of a liquor tax certificate for the year ending September 30, 1917, for the premises No. 448 Broadway in the city of Kingston, N. Y. Since 1890 the traffic in liquors had been carried on at that place. For the year ending September 30, 1917, traffic in liquors had also been conducted at No. 571 Broadway in said city. The commission appointed pursuant to section 8 of the Liquor Tax Law, as amended by chapter 623 of the Laws of 1917, to reduce the number of places in the town, designated No. 571 Broadway as a place in which traffic might be continued, and No. 448 Broadway as a place where a liquor tax certificate might not be issued for the coming year. Thereupon the appellant secured possession of No. 571 Broadway and took out a liquor tax certificate for such premises for the year commencing October 1, 1917. On October 13, 1917, he procured a transfer of said certificate to No. 448 Broadway and filed notice of abandonment of the traffic at No. 571 Broadway. Concededly no consents have been obtained of the owners of premises within 300 feet of No. 448 Broadway, nine-tenths of the inclosed cubic space of which was occupied as dwellings. Thereupon this proceeding was instituted. The court made

an order revoking the liquor tax certificate. Concededly if these consents are necessary the order canceling the certificate must be affirmed. If not the order must be reversed.

The Legislature declared that the purpose and intent of the amendment of section 8 in 1917 was (1) to reduce on and after October 1, 1917, the number of places in which the business of trafficking in liquors to be drunk upon the premises where sold in cities having by the last State census a population of 55,000 or less to a ratio of not exceeding one certificated place for each 500 of the population of said city; and (2) to prevent at any time after the act took effect the issuance of a certificate in addition to those herein provided for in any such city until the ratio between the population of such city and the number of places situated therein for which such certificates have been issued and are outstanding shall exceed the ratio of 750 to 1. Section 8, as amended, provided that when a notice of abandonment and transfer had been filed an application for a certificate to carry on such traffic in liquors at the place to which the transfer is made shall be made in due form to the proper officer within sixty days after filing such notice. Section 15 provided what statement should be made upon application for liquor tax certificates; and subdivision 8 of that section, as amended in 1917, provided when consents of property owners of dwellings within 300 feet of the nearest entrance must be filed; " except that such consent shall not be required in cases where such traffic in liquor was actually lawfully carried on in said premises so described in said statement on the twenty-third day of March, eighteen hundred and ninety-six."

In *People ex rel. Sandman* v. *Brush* (179 N. Y. 93) it was held where traffic in liquors was carried on at certain premises on March 23, 1896, the fact that electors voted for suspension of the traffic for two years did not require that consents of the owners of neighboring dwellings should be secured for a resumption of traffic when the electors again permitted the traffic in the town. In *Matter of Loper* (53 App. Div. 576; affd., 165 N. Y. 618) it was held that an abandonment by a tenant of traffic in liquors made against the express agreement of the tenant and concealed from the owner of premises will not

require the owners to secure the required consents of nearby owners for an application made a few weeks later. The owner of the premises No. 448 Broadway had committed no act evincing an abandonment of the right to traffic in liquors at those premises. As was said in *Matter of Kessler* (163 N. Y. 205): " In order to deprive the place of the privilege conferred by the statute it must appear that there was a real and substantial abandonment of the business."

We think that the court erred in granting an order revoking the certificate upon the ground that the applicant falsely stated that he would lawfully carry on such traffic in liquors upon said premises under the liquor tax certificate applied for, and that he was not within the prohibition of the Liquor Tax Law in that he was obliged to obtain the consents of persons residing within 300 feet of the premises.

The order appealed from must be reversed.

All concurred.

Order reversed and petition dismissed, with costs in this court.