(23 Misc. Rep. 710.)

### In re LYMAN.

(Supreme Court, Special Term, Onondaga County. June, 1898.)

1. LIQUOR LICENSE—REVOCATION.
   Liquor Tax Law, § 17, subd. 8, requiring that an applicant for a liquor license shall file consent of the owners of two-thirds of the buildings used exclusively as dwellings within 200 feet of the proposed place of business, does not require that the application state how many such dwellings there are; and hence a false statement of the number is not within section 28, subd. 2, declaring a false statement of a material fact in such application to be a ground for revocation of the license.

2. SAME—PROCEDURE.
   Under Liquor Tax Law, § 17, subd. 8, requiring an applicant for a liquor license to file consent thereto of the owners of two-thirds of the buildings used exclusively as dwellings within a certain distance, and section 19, authorizing the county treasurer to issue a license when the provisions of said section 17 have been complied with, the issuance of a license by the county treasurer after protest made for noncompliance does not constitute a judicial bar to a proceeding to revoke such license for lack of necessary consent, instituted under section 28, subd. 2, providing that, "at any time" after issuance of a liquor tax certificate, "any citizen of the state" may institute a proceeding to revoke the same on grounds enumerated, and also that the holder "was not entitled * * * for any * * * reason to hold such certificate."

Petition by Henry H. Lyman, state commissioner of excise, for an order revoking and canceling the liquor tax certificate of Charles A. Gillett.  Order granted.

Mead & Stranahan, for application.
Walter Welch, opposed.

HISCOCK, J.  The holder of the certificate made application therefor under subdivision 1, § 11, Liquor Tax Law, in the usual form, to the county treasurer of Onondaga county, who granted the same. The ground upon which it is asked to have the certificate revoked is that there were seven buildings used exclusively for dwellings within the distance prescribed by subdivision 8, § 17, of said law, while the applicant stated in his application that there were only three, and filed under said subdivision 8 the consents for only three.  It is pretty clear that the four additional buildings enumerated by the petitioner were all used as dwelling houses, within the meaning of the statute, as claimed by him.  It could not have been the intention of the statute that a dwelling house should lose its character, and become a boarding house or public place of business, because of such insignificant and incidental facts as were developed by the evidence in relation to the Newell and Woodward houses.  The use of the Morris house in part for a physician's office had been discontinued before the certificate in question was granted.  Assuming, therefore, that there were seven houses, within the meaning of subdivision 8, § 17, that the applicant's statement that there were three was false, and that he did not have and file the necessary consents to entitle him to the certificate, we reach the question whether the petitioner is entitled to have the same canceled, as requested.  The application is made, of course, under section 28 of the liquor tax law, and petitioner urges as two grounds for the cancellation:  First, that a material statement in the application, viz. that relating to the number of dwelling houses, above discussed, was false; and, second, that the applicant is not entitled to hold such certificate, by reason of his failure to file the necessary consents.

I do not think that the application can be granted upon the first ground.  The only "material" statement, for whose falsity the certificate could be revoked, would be one which the applicant was required by law to make.  The official charged with the duty of issuing certificates would not have the power, by inserting questions outside of those authorized by the statute, to lay the possible foundation for false statements, and a subsequent revocation of the certificate. There is nothing in the statute which provides for a statement by the applicant of the number of dwellings for which consents must be filed. He is simply required to file the consents, and whether they are sufficient in number is a question for determination,—very likely, as a matter of convenience, to be aided, but not controlled, by his statements.  People v. Hoag, 11 App. Div. 74, 42 N. Y. Supp. 886.  Neither does the statement in the application that the applicant may "lawfully carry on such traffic in liquors on such premises" relate to this subject of dwelling houses.  That manifestly refers to the pro-

visions of section 24, prohibiting the traffic in liquors in certain places.

Upon the second ground, however,—that the applicant was not and is not entitled to the certificate by reason of failure to obtain the necessary consents,—the relief asked for should be granted, unless one of the contentions of the defendant now to be considered is well founded. It appears that after the application for the certificate was presented to the county treasurer a protest was also presented to him, in behalf of the owners of the dwelling houses in question, raising the same issue of lack of necessary consents which is involved in this proceeding. Thereafter the county treasurer, notwithstanding such remonstrance, issued the certificate; and it is claimed that his action was judicial, and a bar to this proceeding. I think that under the provisions of section 19, as amended by chapter 312, Laws 1897, the county treasurer was called upon to determine, as a question of fact, whether the necessary consents had been obtained; that, as before suggested, this was not one of the matters which the application was required to disclose upon its face; and that, even if it did purport to do so, the county treasurer was not bound thereby. This provision was not one which the treasurer was required or permitted to disregard to the end of issuing a certificate, under the clause requiring him to so issue when the application "does not show on the face thereof that the applicant is prohibited from trafficking in liquor." But, all this being so, the question still remains whether this court, in this proceeding, cannot in effect review and correct the act of the treasurer in issuing a certificate when he should not have done so. Ordinarily such review, by anybody, at least, who was legally a party to the proceedings, would be by certiorari, as suggested by defendant's counsel. But the legislature, in treating this subject, of course had the power to provide for what should in effect be a review of the acts of a treasurer by a proceeding other than certiorari, and at the instance of persons who would not have any standing to institute the latter. It seems to have done so. Subdivision 2, § 28, seems to have provided, in the most comprehensive language possible, that "at any time" after a certificate has been granted "any citizen of the state" may institute a proceeding such as this, to have revoked a certificate, upon the broad general ground, in addition to those specifically enumerated, that the holder "was not entitled to receive or is not entitled * * * for any * * * reason to hold such certificate." It is the general rule that only parties and privies to a determination are bound by it, and independent of the language used, specifically combating such an intention, it would be somewhat anomalous for the statute to give "any citizen" the right to question the validity of an issue of a certificate, and then bind him by a decision of an officer in a proceeding of which very probably he never heard until after its conclusion. The case of People v. Hoag, cited by defendant's counsel, does not seem to conflict with this holding. That proceeding was by certiorari, under other provisions than those quoted (if under this statute at all), and by the applicant, who, of course, was a party to the proceeding before the treasurer. Under the wording of the statute, in that proceeding the court applied the ordinary rule of determination in bar.

These views lead to an order canceling and revoking the certificate in question. Costs are allowed to the petitioner to the amount of disbursements actually incurred in the proceeding, including referee's fees to be taxed by the clerk, and also $50 counsel fee. Ordered accordingly.