(32 Misc. Rep. 293.)

### In re PIERSON.

(Supreme Court, Special Term, Seneca County. July, 1900.)

INTOXICATING LIQUORS—LICENSE—CONSENT OF PROPERTY OWNERS.

Liquor Tax Law, § 17, subd. 8, provides that the consent of owners of adjoining dwelling houses shall not be required to issue liquor tax certificate, where the applicant's premises were occupied as a hotel on March 23, 1896. A hotel burned in September, 1897, and applicant purchased the premises, cleared them in 1898, erecting a barn and ice house thereon, and in 1899 rebuilt the hotel. *Held*, that there was no such suspension as worked an abandonment of the premises as hotel premises, and statements in an application for a liquor tax certificate that the consent of the property owners was not required, and that the traffic had been carried on continuously on the premises for 40 years, were not false, as material misstatements.

Petition by Mattson C. Pierson to revoke and cancel a liquor tax certificate issued to William Reigel. Dismissed.

Hawley & Carmer, for petitioner.
Hamond & Hammond (J. N. Hammond, of counsel), for respondent.
William E. Schenck, for Seneca county treasurer.

DUNWELL, J. Proceeding under subdivision 2, § 28, of the liquor tax law, to revoke defendant's certificate to sell liquors at a hotel constructed by him at Canoga, Seneca county, N. Y., upon the ground that his answers to questions in his application for the certificate were false. The questions and answers in respect to which it is charged that defendant made false statements are as follows:

"May the applicant lawfully carry on such traffic in liquors on said premises? Yes." "Has the applicant attached hereto the consents required by section 17 of said law? Not required." "Since what date has said place been occupied continuously for such traffic in liquors? Not used for anything else for forty years last past." "Since about what date have the premises been continuously occupied for such hotel traffic? For nothing else in forty years."

The facts are conceded. The applicant did not obtain the consents of owners of dwellings within 200 feet of the hotel building. He relies upon the fact that the place was occupied as a hotel, March 23, 1896, which brings him within the exception rendering the consents of dwelling-house owners unnecessary. The building burned September 13, 1897. The then owner sold the premises to the present owner in April, 1898. Following the purchase the present owner, during the year 1898, cleared the ruins, the result of the fire, off the lot, erected a barn thereon, and in the winter of 1899 filled the ice house on the lot, and in the summer of 1899 erected the present hotel building, completing it in October, 1899. He rebuilt the hotel for the purpose of continuing the hotel business and liquor traffic suspended by fire. It may be questioned whether the answers to the questions above set forth are false in the sense that they are literally untrue. But assuming that they did not fully represent the conditions, by a disclosure of all the facts, do the facts, when brought out, contradict the answers in the application, or change their effect, so as to affect the result of the application? Petitioner's counsel, in his brief, properly concedes that the "sole question is, did the suspension and abandonment of the traffic [by fire] work a forfeiture of the privilege conferred by section 17, subd. 8, of the liquor tax law?" The privilege referred to is the exemption from obtaining consents of the owners of dwelling houses within 200 feet of defendant's premises, by reason of the premises being occupied as a hotel March 23, 1896, the date of the enactment of the law. The exemption reads as follows:

"Nor shall such consent be required for any place described in said statement which was occupied as hotel on said last-mentioned date [March 23, 1896], notwithstanding such traffic in liquors was not then carried on thereat."

In respect to a hotel the exception attached, although traffic in liquors was not being carried on thereat when the act took effect. Nor is any limitation of time placed upon a hotel, within which its owner must apply for a liquor tax certificate, or lose the benefit of this exception. It would seem that, so long as a hotel in existence at the time of the passage of the act is maintained as a hotel, the owner can obtain a liquor tax certificate without the consents of owners of dwellings, even though traffic in liquors is not carried on thereat at the time of the passage of the act, or for an indefinite period thereafter. Nor is there anything in the act to indicate that a suspension of the traffic thereafter would work a forfeiture of the exception so long as the premises are maintained as hotel premises. It is its character as a hotel that brings the exception, not the traffic. It must be admitted that if the premises are once abandoned as a hotel, and they lose their character as hotel premises, then they would lose the benefit of the exception. In the present case it seems

that the premises in question had been used as hotel premises for a great many years before the enactment of the statute under consideration. After the buildings burned they were rebuilt within a reasonable time for the same purpose. They were not abandoned as hotel premises, or put to any other use. Under such circumstances, a reasonable time elapsing for rebuilding does not terminate the rights or privileges attached to the premises. In re Kessler, 163 N. Y. 205, 57 N. E. 402. "The false statements in an application for a certificate which will justify its revocation under the statute must relate to some material matter of fact, and it must be shown that such fact was willfully misstated by the applicant. If the statement relates to some matter of law, as to which the applicant is ignorant or misinformed, that will not be sufficient to warrant the court in canceling a certificate." Id. "A temporary suspension of the traffic, resulting from an accident such as the destruction of the building by fire, or the like, will not operate to affect the right attached to the premises under the law." Id. I conclude that the answers were not false, as material misstatements of fact, within the meaning of the statute, and that the destruction of the building by fire, taking into account the circumstances of rebuilding, was not such a suspension as worked an abandonment of the premises as a hotel, and the premises have not lost the rights included in the exception referred to, and the consents of the dwelling-house owners were not necessary to the application in this case. The proceeding must be dismissed, but, as the statute is new and the decisions are conflicting, without costs.

Proceeding dismissed, without costs.