In the Matter of the Petition of JAMES HAWKINS, Respondent, for an Order Revoking and Canceling Liquor Tax Certificate No. 12,271, Issued to THIEL BROTHERS, a Firm Composed of CLARENCE C. THIEL and WILLIAM F. THIEL, Appellants.

1. LIQUOR TAX LAW — REVOCATION OF CERTIFICATE UPON GROUND OF FALSE STATEMENT AS TO CONTINUOUS OCCUPATION OF PREMISES. In an application for a certificate under the Liquor Tax Law (L. 1896, ch. 112, as amd.) for the traffic in liquors upon premises situated in a church and residential district within the limits prescribed by the law, where the premises were used for such traffic at the time of its enactment, it is not necessary to state that they were occupied continuously for such traffic from that time to the date of the application, and a statement therein to that effect, even if untrue, affords no reason for the revocation of the certificate upon the ground of a false statement in the application.

2. ABANDONMENT OR NON-USER OF PRIVILEGE. *It seems,* that the privilege conferred by the statute which secures to the property owner a right to a certificate, without consents, may be lost by abandonment or non-user, when the facts or circumstances are such as to justify the conclusion that the owner intended to discontinue the liquor traffic at the place.

*Matter of Hawkins,* 54 App. Div. 617, reversed.

(Argued November 13, 1900; decided December 11, 1900.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered September 21, 1900, affirming an order of Special Term revoking and canceling liquor tax certificate No. 12,271, issued to Thiel Brothers.

The facts, so far as material, are stated in the opinion.

*Robert F. Schelling* for appellants. The answer to the question was not such a false statement of a matter of fact as would justify a revocation of this certificate. (*Matter of Kessler*, 163 N. Y. 207.) It was the intention of the legislature, as is evidenced in the exception of subdivision 2, section 24 of the Liquor Tax Law, to reserve to premises used for the traffic of liquor on March 23, 1896, in church and school districts any rights or interests which might have accrued to those premises by such user. (*People ex rel.* v. *Hamilton*, 25 App. Div. 429 ; *People ex rel.* v. *Lammerts*, 18 Misc. Rep. 343.) A property owner who, prior to March 23, 1896, fitted up a building for saloon purposes, which building was actually used as a saloon on that date, has a vested property right in the traffic in liquor in that saloon, and is as much entitled to the protection of the statute as the occupant and licensee ; and that vested interest is such a one that a mere temporary suspension in the traffic of liquor by the occupant on the premises will not destroy the privilege to the owner without some acquiescence on his part. (*Matter of Kessler*, 163 N. Y. 205 ; *Matter of Loper*, 53 App. Div. 576.)

*L. H. Jones* for respondent. The removal by the holder of the liquor tax certificate of his liquor stock and barroom fixtures, the removal by him of his liquor tax certificate from the licensed premises, the abandonment of said certificate by him, and the suspension of traffic in liquors thereat for sixteen days, during four of which another tenant occupied the same for another purpose, is an abandonment of the traffic in liquors at said premises. (*People ex rel.* v. *Lammerts*, 18 Misc. Rep. 343 ; *Matter of Klevesahl*, 30 Misc. Rep. 361 ; *People ex rel.* v. *Hamilton*, 25 App. Div. 423 ; *Matter of Loper*, 53 App. Div. 576.)

O'BRIEN, J. This proceeding was instituted by a private citizen to revoke and cancel a liquor tax certificate. The facts upon which the application was based were agreed upon at the hearing and appear in the record.

In the month of April, 1894, the owner of certain premises in Buffalo leased them to a tenant. The lease was in writing and through various *mesne* assignments passed to the appellants, who procured the certificate in question. It is admitted that the liquor traffic was actually and lawfully carried on upon the premises on the 23d of March, 1896, and had been for a long time prior thereto, and that they were so used continuously until May 1st, 1898. From the latter date up to and including April 13, 1899, the traffic was also actually and lawfully carried on at the place by the tenant then in possession under assignments of the lease; but on the 14th of April, 1899, this tenant delivered the tax certificate to the commissioner of excise who had issued it and left it with him, though it does not appear to have been surrendered. The tenant on that day moved from the premises to another place in the same city and took with him the saloon fixtures and furniture used at the place in question and his stock of liquors and other goods, intending to conduct the same business at another place. Thus, so far as the tenant was able to accomplish that result, the traffic in liquors was discontinued at this place, and it is claimed that the right to a certificate without consents ceased by the act of the tenant. The tenant, however, retained possession of the premises until the expiration of the lease on the first of May, 1899. Since the latter date the appellants in this record have become the tenants of the premises and procured the certificate in question under which they carried on the traffic in liquors up to the time when it was terminated by the order now under review, which revoked the certificate.

The ground upon which the order was made is that the certificate was granted upon an application which contained false statements and representations. The only statement in the application alleged or claimed to be false was this: The applicant stated that he could lawfully carry on the liquor traffic on the premises, which, it may be observed, was not the statement of any fact, but of a legal conclusion. He also stated that the liquor traffic had actually and lawfully been carried

on upon the premises on the 23d day of March, 1896, and it is stipulated that that statement was true. He stated further that since the latter date the premises had been occupied continuously for such traffic, and it is said that this statement was untrue, because the tenant then in possession removed his stock of goods from the place sixteen days before his lease expired, and in that way the continuity of the traffic was interrupted. It is not necessary in this case to determine the effect of that transaction. It is contended that the right conferred by the statute to a license without consents as to places where the business was carried on at the time of the enactment of the present law could not be disturbed by the act of a tenant in possession without the knowledge or consent of the owner. Whatever the law may be with respect to that question, we are quite clear that the certificate in this case should not have been revoked.

The statement in the application upon which the order was based, even if untrue, was wholly immaterial, and an order revoking a license for a false statement cannot be predicated upon such a representation. There was power under the law to issue the certificate, whether the business had been continuously carried on at the place in question or not after the enactment of the present law. The statute does not require the use of the premises for the purpose of the traffic to be continuous. The word "continuous" does not apply to that provision of the statute, or to the exception contained therein in favor of places like this, as will be seen by a careful reading. It appears from the stipulations as to facts that since January, 1898, there has been and now is a building occupied and used continuously and exclusively as a church, located within two hundred feet of the premises in question; but the prohibition against conducting the traffic specified in section 24 has no application to the place in question, by reason of the proviso which expressly excepts a place of business where the traffic was carried on at the time of the enactment of the law on the 23d day of March, 1896. That proviso covers all cases where the traffic was actually and lawfully carried on at

that date, and it is not necessary that it should have been continuous down to the time of the filing of the application for a certificate.

Nor is it necessary to produce the consents required by subdivision 8 of section 17. All that is necessary to state in order to relieve the applicant from the necessity of filing consents is that the traffic was actually and lawfully carried on upon the premises on the 23d of March, 1896. The word "continuously," which is used in the same subdivision, refers to a case where consents are necessary for other places, and having been once obtained and filed are preserved and kept in force so long as the place shall be continuously occupied for the traffic. Inasmuch as no consents were necessary and the place in question was expressly excepted from the provisions of the law which required consents to be filed, the statement in the application, whether true or false, was utterly immaterial.

In the *Matter of Kessler* (163 N. Y. 205) this question was not raised or passed upon. It was assumed by both parties in that case that it was necessary under the statute that the traffic should be continuous in order to entitle the applicant, who had not procured the consents prescribed, to the certificate. Clearly it is not, as will be seen by a careful reading of the statute. All that was decided in that case was that, under the facts and circumstances disclosed, the traffic *was* continuous within the fair meaning of the statute.

We do not intend to hold that the privilege conferred by the statute, which secures to the property owner a right to the certificate without consents, as to places of this character, may not be lost or abandoned by the intentional act of the owner of the property. The privilege is not attached to the property in perpetuity, and is not a thing that necessarily and under all circumstances runs with the land. It may be lost by abandonment, or nonuser, when the facts and circumstances are such as to justify the conclusion that the owner intended to discontinue the liquor traffic at the place. When that intention is clearly established the period of time during which the place is vacant, or used for other purposes, is not very

material.    But the facts of this case do not afford any ground, or give any room for the application of such a principle.

It follows, therefore, that the statement made by the applicant in this case, being entirely immaterial, was not a false statement within the meaning of the statute.

The orders of the Appellate Division and of the Special Term should be reversed and the proceedings dismissed, with costs.

PARKER, Ch. J., GRAY, HAIGHT, LANDON, CULLEN and WERNER, JJ., concur.

Orders reversed, etc.