(41 Misc. Rep. 56.)

PEOPLE ex rel. SANDMAN v. BRUSH, County Treasurer, et al.

PEOPLE ex rel. YETTER et al. v. SAME.

(Supreme Court, Special Term, Suffolk County. June, 1903.)

1. INTOXICATING LIQUORS—PRIVILEGE TO TRAFFIC—SUSPENSION.

A privilege to traffic in intoxicating liquors, where such traffic was lawfully being carried on in a town on March 23, 1896, is suspended, but not destroyed, by a negative vote cast by the town on the local option law.

2. SAME—REVIVAL.

Where the privilege to traffic in intoxicating liquors was suspended by a negative vote cast by a town on the local option question, the privilege is revived when the vote is reversed, unless the owner thereof has by some act shown his intention to abandon the liquor traffic at that place.

Application by the people, on the relation of David Sandman, against Henry S. Brush, county treasurer, and Patrick W. Cullinan, as state commissioner of excise, and application by the people, on the relation of Frank G. Yetter and George W. Moore, against the same defendants, for liquor tax certificates. Applications granted.

Joseph M. Belford, for applicants.
William E. Schenck, for respondents.

W. M. SMITH, J. The only substantial question to be determined upon this application is: Have the relators lost their right to traffic in intoxicating liquor at the places where they lawfully carried on such traffic on March 23, 1896, without the consent of the owners of dwelling houses within 200 feet, because they suspended the traffic for two years by reason of an adverse vote of the town upon the local option question? The contention of the county treasurer is that because the applications of the relators do not show that the

traffic in liquors has been continuous at the places where they now propose to carry on such traffic, although the traffic was carried on there lawfully on March 23, 1896, he has no authority to issue the certificates.

By the provisions of subdivision 5 of section 17 of the liquor tax law (Laws 1896, p. 60, c. 112), as amended by chapter 367, p. 856, Laws 1900, it would appear that the applications should state the date since which the premises have been continuously occupied for the traffic in liquors in cases where on such premises such traffic was lawfully conducted on March 23, 1896, and in the absence of any authority construing the law it would seem that the county treasurer was sustained in his position by the statute.

Since the enactment of chapter 367, p. 849, Laws 1900, however, the Court of Appeals, in the case Matter of Hawkins, 165 N. Y. 188, 58 N. E. 884, has expressly decided that to entitle an applicant to the exemption from the necessity of procuring consents in cases where the liquor traffic was carried on on March 23, 1896, it is wholly immaterial whether the traffic has been continuous or not, and that the privilege of carrying on the traffic without procuring consents which was reserved to those places where such traffic was lawfully conducted on March 23, 1896, can only be lost by abandonment or nonuser, where the facts and circumstances are such as to justify the conclusion that the owners intended to discontinue the traffic at that place.

The necessary inference from this decision is that a negative vote on the local option questions by a town simply suspended the exercise of the privilege, and does not destroy it, and that such privilege is revived when the vote is reversed, unless in the meantime the owner himself has lost the privilege by some act which is decisive of his intent to abandon the liquor traffic at that place.

The county treasurer suggests that the attention of the Court of Appeals was not called to the amendment of subdivision 5 of section 17 of the liquor tax law when the Hawkins Case was before them. It is true no reference is made to that subdivision in the opinion, but the amendment in question had been enacted and published for several months, and I am unable to say that their attention was not called to it and that it was not considered. At all events, the court has no right to assume that a different result would have been reached in the Hawkins Case by reason of the amendment. I believe the decision in that case controlling upon all the questions in controversy here, and the argument of the county treasurer should be more properly presented to the Court of Appeals, to the end that they may be induced to reconsider their decision. The applications are granted. The county treasurer must issue the liquor tax certificates to the relators as applied for, but under the circumstances no costs are awarded.

Applications granted; no costs.