(Supreme Court, Special Term, Erie County.  December, 1906.)

1. INTOXICATING LIQUORS—LICENSES—REVOCATION—STATUTES.

Liquor Tax Law, Laws 1896, p. 60, c. 112, § 17, subd. 8, provides that the consent of owners to the granting of a liquor license shall not be required for any place occupied as a hotel on March 23, 1896. A hotel building on premises from 1883 was destroyed by fire in November, 1903, and from that time to August, 1906, no business was conducted thereon. It was shown that it was the intention to rebuild, and to continue the hotel business thereon. In the spring of 1906 a building was moved onto the premises and fitted up as a saloon. *Held*, that the consent of the owners of buildings within 200 feet of the premises was not required to the granting of a liquor license; the privilege conferred by the statute not having been abandoned.

2. SAME.

Liquor Tax Law, Laws 1896, p. 60, c. 112, § 17, subd. 8, entitles an owner of property used as a hotel on March 23, 1896, to a license.  Section 28, subd. 2, p. 69, provides that a liquor certificate may be revoked if material statements in the application therefor were false.  An application for a liquor certificate recited that the premises had been continuously used for hotel purposes since 1883.  The statement was false, as since the destruction of the hotel in 1903 down to August, 1906, the premises had not been used for hotel purposes.  *Held*, that the false statement was not a material statement, and the certificate could not be revoked on that ground.

In the matter of the petition of Maynard N. Clement, as state commissioner of excise, for an order revoking and canceling a liquor tax certificate issued to William J. Carroll.  Application denied.

Daniel A. Reed, for petitioner.
Ransom L. Richardson, opposed. ·

WHEELER, J.  This proceeding is brought to cancel a liquor tax certificate, on the ground that the licensee falsely stated in his application that the premises had been continuously occupied for traffic in liquors since the year 1883, and also that said premises had been continuously occupied as a hotel since 1883.  It was further alleged that the consent of the owner of a dwelling within 200 feet of the premises had not been first obtained prior to the granting of the license.

The evidence appears uncontradicted that a hotel had stood on the premises in question from the year 1883 until its destruction by fire on November 14, 1903, and that from that time down to August,

1906, no business had been conducted on the premises. It appears that at the time of the fire the premises were incumbered by a mortgage, and that the insurance moneys received went to the mortgagee by way of reduction of the mortgage claim. Immediately after the fire the liquor tax certificate was surrendered and the unearned fee returned. In August, 1904, the hotel site was deeded by John H. Carroll, the owner, to his brother, William J. Carroll, under a verbal understanding and agreement that, when John H. Carroll could repay his brother William what he (William) had put into the property, he (John) should have it back, and that both parties expected to open a place on this hotel site for the sale of liquor as soon as they, or either of them, could make the financial arrangements; that from February 18, 1905, to August 11, 1905, an action to foreclose the mortgage on the hotel property in question was pending, and on the sale the property was bid in by the said William J. Carroll. In the spring or summer of 1906 the respondent moved onto the premises an old icehouse, and fitted the same up as a saloon, and applied for and obtained the liquor tax license in question. It was further made to appear that the brother John H. Carroll in 1904 went to Fillmore, N. Y., and in connection with his wife began running a hotel at that place, but soon was compelled to discontinue that place. Both William and John Carroll testified before the referee that it was never their intention to abandon the property in question for saloon or hotel purposes, but so soon as circumstances permitted expected to rebuild and continue the same business conducted on the premises for many years prior to the destruction of the hotel by fire. I am unable to discover anything in the testimony inconsistent with this claim on the part of the respondent. The property had been used for years as a hotel prior to the fire. It probably was better adapted for that use than for any other. Since the fire it was never used for any other purpose, and the delay in rebuilding seems to be pretty fully explained by the straightened financial situation of the parties. Subdivision 8 of section 17 of the liquor tax law (Laws 1896, p. 60, c. 112) provides that the consent of owners of dwellings within 200 feet shall not be required "where such traffic in liquor was actually carried on in said premises so described in said statement, on the twenty-third day of March, eighteen hundred and ninety-six, nor shall such consent be required for any place described in said statement which was occupied as a hotel on said last mentioned date notwithstanding such traffic in liquors was not then carried on thereat." On that date the proof shows that the premises were occupied as a hotel, and the liquor traffic was carried on thereat.

This privilege conferred by the statute, which secures to the property owner a right to a license without consents, may nevertheless be lost or abandoned by the intentional act of the owner of the property. Matter of Hawkins, 165 N. Y. 192, 58 N. E. 884; Matter of Bridge, 36 App. Div. 535, 55 N. Y. Supp. 54; People v. Lammerts, 18 Misc. Rep. 343, 40 N. Y. Supp. 1107; Matter of Loper, 53 App. Div. 587, 66 N. Y. Supp. 13; Matter of Pierson, 32 Misc. Rep. 295,

66 N. Y. Supp. 546. Provided the abandonment actually takes place, it is a matter of little consequence whether the abandonment is for a short or long time, but there must be an abandonment. The fact that for a considerable period the property is not used for the sale of liquor has great probative force of an intention to abandon, but that circumstance is subject to explanation, and mere lapse of time is not conclusive against the owner.

In the Pierson Case, 32 Misc. Rep. 293, 66 N. Y. Supp. 546, a hotel burned, and the premises were sold, and at the expiration of two years from the fire a new hotel was erected by the purchaser, and it was held the right secured by the statute was not lost. So, too, where by the vote of the town electors of a town under the local option provisions of the statute the sale of liquors was suspended thereby for two years, it was held that on the termination of that period the owner had the right to a certificate under the provisions of the section quoted. People ex rel. Sandman v. Brush, 179 N. Y. 93, 71 N. E. 731. Perhaps the very best evidence of an intention to abandon premises for the sale of liquor would be the fact that premises were actually used for other purposes. In the case now under consideration, however, there is no claim that the premises were at any time devoted to any other use, and on the whole evidence we cannot discover proof of any actual abandonment. If there was no abandonment, then, the consent of adjoining owners was unnecessary.

We are therefore of the opinion that the certificate of the respondent cannot be revoked for the reason that the consent of adjoining owners was not obtained, and the application to revoke must be denied unless it should be revoked for the reason that the respondent made a false answer in his application for his certificate, wherein he stated that the premises had been continuously used for hotel purposes since 1883. This statement was not true, for since the destruction of the hotel by fire in November, 1903, down to August, 1906, the premises had not been used for hotel purposes. We are, however, of the opinion that the certificate cannot be revoked on those grounds, for the reason that this false statement was not a material statement. Subdivision 2 of section 28 of the liquor tax law provides that a certificate may be "revoked and cancelled if material statements in the application of the holder of such certificate were false." Subdivision 8 of section 17 of the same law entitled the owner of property used as a hotel on the 28th of March, 1896, to a license (provided such use has not been abandoned) irrespective of the question of continuous use. The word "continuous" is not employed in the statute, and it was wholly immaterial to the applicant's right to his certificate whether there had been a continuous use or not. Consequently the statement in question, although false, was not a false statement as to a material fact. This is distinctly held in the recent case of Matter of Hawkins, 165 N. Y. 188, 58 N. E. 884.

We are therefore of the opinion that the application to revoke must be denied.

Let an order be entered accordingly.