In re GRINDROD.

(Supreme Court, Special Term, Westchester County. August, 1915.)

1. INTOXICATING LIQUORS ⬅➡66—LICENSES—REVOCATION.

Liquor Tax Law (Consol. Laws, c. 34) § 15, subd. 8, declares that the consent of the occupants of dwelling houses within a certain distance of dramshops shall not be necessary where such traffic in liquor was actually lawfully carried on in the premises on March 23, 1896, where the premises were occupied as a hotel on that date, notwithstanding such traffic was not then carried on, or where the consents shall have been obtained and filed as required by law, and then only so long as such premises shall be continuously occupied for such traffic. In a proceeding to revoke a liquor tax certificate, it appeared that the premises had not been used for the sale of liquor in 1896, nor were they then occupied as a hotel, and that for about a year and eight months prior to the petition for a certificate the premises were used as a dry goods store with knowledge of the owner but without her consent other than implied from acceptance of rent. *Held*, there was an abandonment of any right of the owner to have the premises used for the dispensation of liquors, the consent of the owner to discontinuance of the use being necessary under the statute only where the traffic was carried on at the premises on March 23, 1896, or where the premises were on that date occupied as a hotel, and hence the consent of the occupants of adjacent dwelling houses was necessary.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 66; Dec. Dig. ⬅➡66.]

2. INTOXICATING LIQUORS ⬅➡66—LICENSE—RIGHT TO.

In such case, where no consents had ever been obtained and petitioner erected a dwelling house within the prescribed distance, his consent to such use of the premises is essential.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 66; Dec. Dig. ⬅➡66.]

3. INTOXICATING LIQUORS ⬅➡106—LICENSES—PROCEEDINGS TO REVOKE—CERTIFICATE.

A petition to revoke a liquor tax certificate because the petitioner's consent had not been obtained will not be denied, where such consent was necessary, though the petitioner's motive was to throw a competitor out of business.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 113, 115; Dec. Dig. ⬅➡106.]

In the matter of the petition of James C. Grindrod to revoke the liquor tax certificate issued to and held by Joseph Kerwin. Certificate revoked.

Sydney A. Syme, of Mt. Vernon, N. Y., for petitioner.
Bernstein & Quinn, of Mt. Vernon, N. Y., for defendant.

TOMPKINS, J. [1, 2] The petitioner is the owner of a building used exclusively as a dwelling house, situated within 300 feet of the premises owned by his mother-in-law, and upon which the respondent, Joseph Kerwin, the petitioner's brother-in-law, carries on business under the liquor tax certificate sought to be revoked in this proceeding. No property owner's consents to the trafficking in liquors at said premises were ever obtained or filed, and, prior to the erection and occupation as a dwelling of the petitioner's building, there was no need of

any consent, because there was no building used exclusively as a dwelling within either 200 or 300 feet of the respondent's premises. The petitioner's dwelling house was completed a short time prior to the respondent's petition for a liquor tax certificate in May, 1915, and the question now before the court is whether the petitioner's consent was necessary. I think it was.

The case does not come within any of the three exceptions of subdivision 8 of section 15 of the Liquor Tax Law. These exceptions are as follows: (1) Where such traffic in liquor was actually lawfully carried on on said premises on the 23d day of March, 1896. (2) Where said premises were "occupied as a hotel on said last-mentioned date," notwithstanding such traffic in liquor was not then carried on thereat. (3) Whenever the consents shall have been obtained and filed as required by law at the time of such filing, and then only "so long as such premises shall be continuously occupied for such traffic."

Traffic in liquor was not actually lawfully carried on in said premises on the 23d day of March, 1896. Said premises were not occupied as a hotel on that date. The premises had not been continuously occupied for such traffic down to the date of the respondent's petition. The fact is that the premises were not used for traffic in liquor for about one year and eight months, prior to May, 1915, when the respondent petitioned for and received the certificate in question, and during several months of that period the premises were used as a dry goods store, with the knowledge of the owner, and with her acquiescence in the sense that she received the rent during that period.

I think that, under these circumstances, it must be held that there was an abandonment of the premises for liquor purposes, and that they were not "continuously occupied" for such traffic, within the meaning of the third exception to the provisions of the law, requiring property consents.

The respondent contends that there was no abandonment by the owner and no surrender by her of her property rights in said premises, for liquor purposes, and that the acts of her tenant, who was the petitioner herein, were without her authority, and in spite of her protests, and that the conduct of the tenant could not deprive the premises of the right to traffic in liquors, which had previously become attached thereto. The trouble with this claim is that the courts have held that the consent of the owner is only necessary to accomplish an abandonment, where the traffic was carried on at the premises on March 23, 1896, or where the premises were on that date occupied as a hotel. Matter of Hawkins, 165 N. Y. 188, 58 N. E. 884; People ex rel. Sandman v. Brush, 179 N. Y. 93, 71 N. E. 731; Matter of Kessler, 163 N. Y. 205, 57 N. E. 402.

But even if the premises were not abandoned, and are to be considered as having been continuously occupied for liquor purposes, I think the petitioner's consent was necessary for the reason that no property consent had ever been obtained and filed for the respondent's premises.

The third exception named in subdivision 8 of section 15 makes consents unnecessary only when the premises have been "continuously oc-

cupied for such traffic" after "consents shall have been obtained and filed, as required by law at the time of filing." It seems to me that the plain reading and meaning of this statute is that where no consent has been obtained, and filed, and the premises were not used on March 23, 1896, as a hotel or for trafficking in liquors, the consent of the owner of premises occupied exclusively as a dwelling within 300 feet is necessary.

[3] For these reasons, I think the respondent's certificate must be revoked, but without costs. I do not like the motive that prompted the petitioner to commence and prosecute this proceeding; but, if my conclusions as to the law are correct, I suppose the petitioner's motive is not material. The proceeding was not instituted to protect a residential neighborhood, or by the owner of property opposed to the liquor business. The petitioner is the proprietor of a saloon or hotel next door to the respondent's, and this proceeding is to get rid of a competitor, and destroy a rival in business, and the petitioner's conduct with respect to his mother-in-law's property and his brother-in-law's business does not commend itself to the court, and for that reason the order will be made without costs, and with a stay pending an appeal to the Appellate Division, if the respondent wishes to take an appeal, upon the respondent stipulating to bring such appeal on for argument at the October, 1915, term.