In the Matter of the Petition of WILLIAM W. FARLEY, as State Commissioner of Excise, Respondent, for an Order Revoking and Canceling the Liquor Tax Certificate Issued to JOSEPH H. MILLER, Appellant.

Liquor tax — application for certificate — when apparently untruthful answers in application do not preclude issue of certificate — notice of abandonment of liquor traffic not acted upon within sixty days does not prevent issuing of certificate for original place.

1. An untruthful answer of an applicant for a liquor tax certificate is not false within the intent of the statute, relating to the revocation and cancellation of liquor tax certificates (Liquor Tax Law [Cons. Laws, ch. 34], § 27, subd. 2), for the purpose of revoking the certificate, when the information which the question was intended to elicit was, at the time of the making and for the purpose of the application, truthfully, explicitly and in good faith fully imparted to the certificate issuing officer, and the answer within the applica-

tion was that directed by him. When the state, through its agent or representative, has interpreted and acted upon the information so received, it is equitably estopped from destroying the property of the applicant on the ground that the answer was false.

2. An application for a liquor tax certificate, at premises where liquor had been sold continuously for several years, stated that no notice of abandonment of the liquor traffic at said premises, pursuant to the provisions of the Liquor Tax Law, had been theretofore filed. As a matter of fact a notice had been filed that the traffic in liquors was abandoned at those premises and was to be carried on at another place, and a liquor tax certificate had been. issued for that place. No liquor had been sold, however, at that place and the notice had become null and void from not being acted upon within sixty days from the filing thereof. (Liquor Tax Law, § 8, subd. 9, as amended by L. 1911, ch. 298.) All of these facts were known to the county treasurer and the state commissioner of excise when the application in question was made, and the answers to the questions in the application were made by the applicant by the direction of the county treasurer. *Held,* that such notice of abandonment, being void under the statute, did not operate as a discontinuance of business at the original place or bar the issuance of or invalidate a certificate for that place. *Held, further,* that the failure of the applicant to secure and file with the application new consents of property owners for such original place did not bar the issuance of the certificate asked for in such application.

*Matter of Farley* v. *Miller,* 169 App. Div. 962, reversed.

(Argued November 17, 1915; decided January 4, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered July 10, 1915, which affirmed an order of Special Term revoking and canceling a liquor tax certificate.

The facts, so far as material, are stated in the opinion.

*Harry C. Barker* for appellant. The answers to the questions contained in the applications were as a matter of law true. The petitioner has shown no ground for revocation. (*Matter of Kessler,* 163 N. Y. 205; *Matter of Hawkins,* 165 N. Y. 191; *Matter of Moulton,* 59 App. Div. 25; *Matter of Loper,* 53 App. Div. 576.) The county treasurer and the department of excise were obliged by law to pass upon and determine the question of abandon-

ment and whether any rights had been transferred or if transferred had reverted. (*People ex rel. Anderson* v. *Hoag,* 11 App. Div. 74.) The state department of excise is estopped from attacking its own rulings to the prejudice of the defendant. (*Trustees, etc.,* v. *Smith,* 118 N. Y. 634; *Curnen* v. *City of New York,* 79 N. Y. 511; *O'Leary* v. *Board of Education,* 93 N. Y. 1; *Decker* v. *Sexton,* 19 Misc. Rep. 59; *Banks* v. *Weston,* 172 N. Y. 266.)

*Louis M. King* and *A. M. Sperry* for respondent. A notice of abandonment having been filed against the premises in question, to wit, No. 196 North Water street, no new certificate could issue therefor. (L. 1909, ch. 39, § 8, subd. 9.) The certificate was properly revoked. (*Farley* v. *Schultz,* 84 Misc. Rep. 594; 163 App. Div. 593; 212 N. Y. 591.)

COLLIN, J.   The certificate in question was issued for the premises No. 196 North Water street of the city of Poughkeepsie, Dutchess county.   The application of Joseph H. Miller, on which the certificate was obtained, contained the following questions and answers among others: "11. Since what date have said premises been continuously occupied for such traffic in liquors ?  Since October first, 1908."   "34. Has a notice of abandonment of such traffic at said premises, pursuant to the provisions of section 8 of the Liquor Tax Law, been heretofore filed ?  No," and the statement that he might "lawfully carry on such traffic in liquors upon such premises." Upon the alleged falsity of those answers and the statement the certificate was canceled under the statutory provision: " At any time after a liquor tax certificate has been issued to any person under section eight of this chapter, said liquor tax certificate may be revoked and canceled if material statements in the application of the holder of such certificate were false  *  *  *  or if the holder of said

certificate was not for any reason entitled to receive or hold the same, or to traffic in liquors   *   *   *." (Liquor Tax Law [Cons. Laws, ch. 34], § 27, subd. 2.) The state commissioner of excise by his petition asserted that the answers and statement were false, and that Joseph H. Miller was not entitled to receive the certificate or traffic in liquors.

The facts are: On September 30, 1913, a liquor tax certificate existed for the premises 196 North Water street, and traffic in liquor had been continuously lawfully carried on at said premises since October 1st, 1908. On September 30, 1913, the last day of the term for which the certificate was issued, there was filed with the county treasurer of Dutchess county, the officer charged with the duty of issuing liquor tax certificates in that county, a notice that the traffic in liquors was abandoned at those premises and was to be carried on at No. 40 College avenue of Poughkeepsie. The filing of such notice was authorized by the statute. (Liquor Tax Law, § 8, subd. 9.) The statute provided further: "In any case such notice (of abandonment) shall be null and void unless within sixty days from the filing thereof such traffic in liquors shall be lawfully carried on at the premises described in such notice as the premises in which it is intended to carry on such traffic, and continued thereat for a period of not less than sixty days, and the filing of a notice that becomes null and void shall not be deemed an abandonment of the traffic at the premises described (the abandoned premises) in such liquor tax certificate. After the filing of such notice as aforesaid, the prohibition herein contained (the so-called Ratio Act referred to below) shall not apply to the premises described in such notice as the premises in which it is intended to carry on such traffic, provided that an application for a certificate to carry on such traffic in liquors thereat shall be made in due form to the proper officer, within sixty days from the filing of such notice, and provided further that such traffic is continuously there-

1916.]          Opinion, per COLLIN, J.          [216 N. Y.]

after carried on at said premises for a period not less than sixty days.   Except in a case where such notice becomes null and void as aforesaid, no liquor tax certificate for traffic in liquors under the provisions of subdivision one of this section shall thereafter be issued for, and it shall be unlawful to so traffic in liquors in the premises described in such notice as the premises in which the traffic in liquors has been abandoned, unless there shall subsequently be filed another notice of abandonment, in the manner herein provided, which notice shall describe such first abandoned premises as the premises in which it is intended to again carry on such traffic in liquors." (Liquor Tax Law, § 8, subd. 9, as amended by L. 1911, ch. 298.)   In 1910, an amendment, frequently denominated the Ratio Act, was added to the Liquor Tax Law (Laws of 1910, ch. 494, and amended by Laws of 1911, ch. 298), which restricts the issuance of liquor tax certificates in excess of a certain proportion of the population, but exempts from that provision premises in which the traffic in liquors was lawfully carried on at some time within one year immediately preceding the enactment, provided such traffic was not abandoned thereat during that period.   This provision was, after the commencement of this proceeding, again amended.   (Laws of 1915, ch. 654.)   During the period of time involved here, the certificates in the city of Poughkeepsie exceeded in number the proportion of the population fixed by the statute.

On November 1st, 1913, a liquor tax certificate was issued, and was unrevoked at the time of the trial in this proceeding, January 24, 1914, for the premises No. 40 College avenue.   No liquor was at any time intervening September 30, 1913, and the trial sold at No. 40 College avenue, and the consents of the owner of those premises and of the owners of adjoining premises to the transfer of the traffic to those premises was on the express agreement and condition that no liquor was to be or should be sold at those premises under such transfer.

On December 5, 1913, the certificate revoked in this proceeding was issued. It was issued under a ruling by the state commissioner of excise, upon the submission of the matter to him, that the premises No. 196 North Water street were entitled to a liquor tax certificate which should be issued to the appellant upon the application in question. The state commissioner and the county treasurer then had full knowledge of all the facts and circumstances surrounding the application and neither of them has been in any way deceived or misled by the answers and statement of the application. The answer to the question number 34 was made pursuant to the express direction of the county treasurer of Dutchess county in accordance with the ruling of the commissioner.

The respondent asserts that the revocation of the certificate was compelled and justified by the single fact that the notice of abandonment was filed against the premises No. 196 North Water street. His argument is that the duties of the county treasurer in the matter were purely ministerial, excluding that of going behind the notice of abandonment and determining whether it was null and void, and as to him it would become null and void only by being expunged from his files by something of an official nature by way of a court order by which he could be governed; the fact that the notice was on file inflexibly and inescapably constituted the answer false within the meaning of the statute, regardless of the facts, if they existed, that the notice was in truth null and void, that it was not to be deemed an abandonment of the traffic at the premises No. 196 North Water street and that the state commissioner of excise with full knowledge of all the facts had ruled that the notice was null and void. He invokes in support of the assertion the parts of the statute we have referred to and additionally and especially the statutory prohibition (section 17) of the issuance of the certificate in case it shall appear by a notice duly filed with the certificate issuing officer that such traffic

has been abandoned at the premises described in the application statement.

We turn now to a determination of the effect of the untruthfulness of the answers considered by itself as the ground for the revocation of the certificate. The statute provided that the applicant should state in the application whether or not there had been filed with the certificate issuing officer a notice of abandonment by virtue of which traffic in liquors might lawfully be carried on at the premises described in the application statement, together with the date of the filing of such notice and other facts. (Liquor Tax Law, § 15, subd. 3.) The applicant did so state through the question 35 and the answer thereto. The statute did not provide for the statement which the question 34 elicited. Manifestly, it was not by virtue of the, or any, notice of abandonment that the traffic in liquors might lawfully be carried on at 196 North Water street. It was rather by virtue of the statutory exemption of those premises from the prohibition of the Ratio Act, because the traffic in liquors was lawfully carried on there at some time within one year immediately preceding the passage of the act, and, by reason of the nullity of the notice of abandonment, was not abandoned thereat during said period. The statute neither required nor authorized the question 34 (Liquor Tax Law, § 15), and contemplates, apparently, that the application shall contain the statements, and those only, which it indicated (Id. subd. 11), and that knowledge of the abandonment of premises shall be acquired by the certificate issuing officer from the filed notice thereof. (§ 17.) The materiality, therefore, in judgment of law, of the answer to the question 34 may well be doubted (See opinion of Mr. Justice HISCOCK in *Matter of Lyman,* 23 Misc. Rep. 710; *Matter of Hawkins,* 165 N. Y. 188), but assuming, without deciding, that information, other than that pointed out by the statute, which the certificate issuing officer deems material, may be sought through

the questions of the application blank, we hold that an untruthful answer of the applicant is not false, within the intent of the statute, for the purpose of revoking the certificate, when the information which the question was intended to elicit was, at the time of the making and for the purpose of the application, truthfully, explicitly and in good faith fully imparted to the certificate issuing officer, and the answer within the application was that directed by him. The state, through its agent or representative, having interpreted and acted upon the information so received, is equitably estopped from destroying the property of the applicant upon the ground that the answer was false. The doctrine of the cases next cited should be applied to the facts here. (*Trustees of Brookhaven* v. *Smith*, 118 N. Y. 634; *Maher* v. *Hibernia Ins. Co.*, 67 N. Y. 283; *Malleable Iron Works* v. *Phœnix Ins. Co.*, 25 Conn. 465; *Bank of Monongahela Valley* v. *Weston*, 172 N. Y. 259, 266; *Ring* v. *Windsor Co. Mut. Fire Ins. Co.*, 51 Vt. 563; *Miller* v. *Phœnix Mutual Life Ins. Co.*, 107 N. Y. 292; *Ala. G. L. Ins. Co.* v. *Garner*, 77 Ala. 210.)

The respondent asserts that the answer to question 11 was false because of the filing of the notice of abandonment, although the notice had become null and void. In this he errs. The appellant prior to September 30, 1913, duly applied for and fulfilled all the requirements for obtaining the certificate. The notice of abandonment was filed and the certificate was not issued. On December 2, 1913, and when more than the sixty days next following the filing of the notice and more than thirty days next following the issuance of the certificate for the premises 40 College avenue had elapsed, he formally demanded the issuance of the certificate and was directed by the state commissioner of excise that a new application in the same form as that filed in September must be made and filed. He continuously occupied, within the meaning of the statute, the premises subsequent to Sep-

tember 30 for such traffic in liquors. (*Matter of Kessler,* 163 N. Y. 205; *Matter of Hawkins,* 165 N. Y. 188; *Matter of Loper,* 53 App. Div. 576.)

The next question presented is, was the appellant, because of the filed notice of abandonment, not entitled to receive or hold the certificate or to traffic in liquors at the premises 196 North Water street. It involves the right of the appellant to there traffic in liquors. It passes beyond the questions and answers of the application and comprehends the facts as they existed. At the time the certificate was issued, by virtue of the statute itself, the notice of abandonment had become, under the facts here presented, null and void and the filing of it could not be deemed an abandonment of the traffic at 196 North Water street. The validity of the certificate for the premises 40 College avenue depended primarily upon and ceased with that of the notice of abandonment. No valid transfer of it could have been or could be made. On December 5, 1913, the conditions in fact were: there was no notice of abandonment of the premises 196 North Water street, nor certificate for 40 College avenue; there was the application of the appellant for 196 North Water street, at which the traffic had been carried on within the year immediately preceding the Ratio Act. Those conditions in connection with others which the appellant unquestionably complied with entitled him to receive and hold the certificate and to traffic in liquors. The mere fact that the notice of abandonment was filed with the certificate issuing officer did not bar the issuance of or invalidate the certificate when issued. The county treasurer was not bound to seek information beyond that which the questions of the application might properly have evoked, or upon the entire information received might have refused to determine the right of the appellant to and to issue the certificate, thus leaving the appellant to the remedy of certiorari for its acquisition. (§ 27, subd. 1.) But, inasmuch as he issued the certificate, he cannot

support this proceeding by the mere fact that the notice was filed, even as he could not by it defeat the writ of certiorari issued to the appellant, upon the refusal of the certificate, to compel its issuance. Nor did the failure of the appellant to secure and file with the application new consents of property owners bar the issuance of the certificate.

The relevant statutory provision is: "Whenever the consents shall have been obtained and filed as required by law at the time of such filing, unless the same be given for a limited term, no further or other consent for trafficking in liquor on such premises shall be required so long as such premises shall be continuously occupied by such traffic." (Liquor Tax Law, § 15, subd. 8, as amd. by L. 1911, ch. 643.) The application filed with the county treasurer stated that the original consents were obtained for an unlimited term. The premises had been continuously occupied in the traffic. The consents having been once obtained and filed are kept in force so long as the place shall be continuously occupied for the traffic. (*Matter of Hawkins*, 165 N. Y. 188.)

The orders of the Appellate Division and of the Special Term should be reversed and the proceeding dismissed, with costs in all the courts.

POUND, J. I concur in the result on the sole ground that, under the rule laid down in *Matter of Moulton* (59 App. Div. 25; affd., 168 N. Y. 645), although the answers to questions No. 11 and No. 34 were false, applicant would have been entitled to his certificate if he had stated the facts correctly, and the statements were, therefore, immaterial.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE and SEABURY, JJ., concur with COLLIN, J., and CARDOZO and POUND, JJ., concur in result in memorandum.

Orders reversed, etc.