A. E. F.'S., Inc., Plaintiff, *v.* John McKenzie, as Commissioner of the Department of Marine and Aviation of the City of New York, Defendant.

Supreme Court, Special Term, New York County, February 26, 1945.

*Charles L. Cusumano* for plaintiff.

*Ignatius M. Wilkinson, Corporation Counsel* (*Julius Isaacs* and *Alfred D. Jahr* of counsel), for defendant.

Shientag, J. Plaintiff moves for an injunction *pendente lite* and defendant makes a cross motion to dismiss the complaint for legal insufficiency. The two motions will be considered together, bearing in mind that on the motion to dismiss nothing but the complaint may be read and that its material allegations must be deemed to be true.

The action is for an injunction and the case presented by the amended complaint is substantially as follows:

Plaintiff is conducting the business of selling fruits, flowers and refreshments at three stands located at the St. George terminal of the Staten Island Ferry. These stands are owned by the City of New York and are under the control of the Depart-

ment of Marine and Aviation. They are occupied under permits granted by the defendant as Commissioner of that Department. By their terms these permits authorize plaintiff to occupy the stands for a period of one year commencing August 1, 1944. They have been occupied by plaintiff and its predecessor (who is now the president and principal stockholder of the plaintiff corporation) continuously for upwards of thirty-five years under permits issued by the various City departments then having jurisdiction over the premises. A sum in excess of $15,000 has been expended by plaintiff and its predecessor in setting up and equipping the stands. The minimum rental for the three stands is $17,700 per annum and this had been paid in full up to January 31, 1945, a date subsequent to the commencement of the action. Plaintiff at present employs eighteen to twenty employees in the operation and maintenance of the stands and in the summer season it employs approximately thirty to thirty-two persons.

The permits provide in considerable detail for the manner in which the stands are to be operated, accounts kept and payments made and contain numerous provisions under the heads of " Warranties ", " Waiver " and " Insurance ". The final seven paragraphs of the permits are introduced under the heading of " Revocability ". Among the provisions under that head are the following: " It is expressly understood and agreed that during the term of the permit the permittee shall have unrestricted use of the premises except as herein provided; that the permittee has the right to occupy the spaces assigned to it and to operate the privilege hereby granted to it and to continue in the possession thereof only so long as each and every provision and condition herein contained is strictly and properly complied with. In case the permittee shall fail to comply with any of the provisions of this permit or with any reasonable order, or with any rule, regulation or ordinance of the Department of Marine and Aviation affecting said premises in regard to any matter, the Commissioner may give the permittee notice in writing by registered mail to comply with such provision, order, rule, regulation or ordinance being violated, and in the event that the permittee has not complied with any provision, order, rule, regulation or ordinance within forty-eight (48) hours from the receipt of such notice, then this permit shall immediately terminate and come to an end as though it were the time provided above for the termination thereof."

Under the head of " Warranties " the permits contain the following provision: " The permittee assumes all risk in the

operation of this permit, and agrees to comply with all Federal, State and Municipal regulations * * * in regard to all matters and especially in the sale of * * * foodstuffs, beverages and tobaccos * * *.''

The amended complaint alleges that the plaintiff has duly performed all the conditions of the permits on its part to be performed and did not violate any Federal, State or municipal regulations or any orders, rules, regulations, ordinances or provisions of the Department of Marine and Aviation but at all times complied with all such regulations, ordinances and rules.

Nevertheless, the complaint alleges that on or about January 12, 1945, defendant notified plaintiff that because of complaints filed against plaintiff of overcharging the public on articles on sale at the stands, the permits issued to plaintiff were revoked, effective at noon on January 17, 1945. No previous notice of any alleged violation had been given.

It is thus charged that, although plaintiff claims to have duly performed all the conditions of the permits on its part, defendant, without previous notice to plaintiff of any violation, and without affording plaintiff any opportunity to answer the charges, undertook to revoke the permits because complaints had been made by undisclosed persons ·against plaintiff for overcharging the public.

The permits under which plaintiff operated on City-owned property are temporary in nature. They expire by their terms on July 31, 1945, but they may be canceled before then at the will of the Commissioner. Broad as this power is, it is not absolute and unqualified; it is not without its limitations. The power must be lawfully exercised and that means that it may not be used in bad faith, arbitrarily or capriciously; that it must be resorted to for what the Commissioner has reason to believe is for the best interests of the city. Arbitrary action by a public officer is unlawful action.

Assuming plaintiff's allegations to be true, it may be that upon a judicial review of defendant's action plaintiff would be entitled to a finding that the attempted revocation of the permits was arbitrary and capricious. Such are the grounds upon which the discretionary action of an administrative officer may be reviewed and corrected. (*People ex rel. Lodes* v. *Dept. of Health*, 189 N. Y. 187, 194; *Matter of Schwab* v. *McElligott*, 282 N. Y. 182; *Matter of Co. of Ulster* v. *State Dept. of Pub. Works*, 211 App. Div. 629, affd. 240 N. Y. 647.) But defendant urges that plaintiff may not seek a review of defendant's action by means of a suit for an injunction where he has an adequate

remedy by a proceeding in the nature of mandamus under article 78 of the Civil Practice Act. This contention is sound. (*Southern Leasing Co.* v. *Ludwig,* 217 N. Y. 100.)

The application for a temporary injunction must be denied because the complaint is insufficient in law; but I believe it to be the orderly procedure to grant a temporary stay for a period of twenty days so that plaintiff may have an opportunity to appeal from this decision or to commence a proceeding under article 78 of the Civil Practice Act.

Settle order in accordance with the foregoing determination.