In the Matter of A. E. F.'s, INC., Appellant, against JOHN McKENZIE, as Commissioner of the Department of Marine & Aviation of the City of New York, Respondent.

First Department, June 1, 1945.

*Henry Lichtig* of counsel (*Charles L. Cusumano,* attorney), for petitioner-appellant.

*Reuben Levy* of counsel (*Julius Isaacs* and *Benjamin Offner* with him on the brief; *Ignatius M. Wilkinson, Corporation Counsel*), for respondent.

*Per Curiam.* Arbitrary cancelation without just cause of its yearly permits before their expiration is a wrong to appellant and it has a remedy under article 78 of the Civil Practice Act to right the wrong which it has suffered. (*Matter of Small* v. *Moss,* 277 N. Y. 501, 507; *People ex rel. Lodes* v. *Dept. of Health,* 189 N. Y. 187, 194.)*

* See *A. E. F.'s, Inc.,* v. *McKenzie,* 184 Misc. 288.— [REP.

If, as appellant alleges, its written permits were canceled without notice, without just cause and when it was complying with all the provisions of its permits, then the revocation by respondent before the expiration of the term fixed therein would be unreasonable and arbitrary. Violations of. the provisions of the permits asserted by respondent, which occurred before the contract period, were irrelevant and could not furnish a basis for revocation; so too with respect to alleged violations of which respondent had knowledge which occurred before the date of the issuance of the permits.

As to whether any violations of the provisions of the permits occurred after their issuance and as to whether such violations, if shown, were of a character which could have been remedied within the forty-eight hour period of grace set forth in the permits, upon the petition, answer and reply, present issues of fact which must be tried out. If it be established that there was no evidence of relevant violations, or, if evidence of such violations is shown, but it appears that the violations were of a character which could have been removed or corrected within the prescribed period, then the action of respondent properly might be regarded as arbitrary and capricious.

The order should be reversed, with $20 costs and disbursements to the appellant, and the application granted to the extent of directing a trial of the issues herein.

GLENNON, UNTERMYER and COHN, JJ., concur; MARTIN, P. J., and CALLAHAN, J., dissent.

Order reversed, with $20 costs and disbursements, and the application granted to the extent of directing a trial of the issues herein. Settle order on notice.