## Second Department, February, 1964 **

### (February 14, 1964)

In the Matter of Alexander Hacker, Petitioner, v. State Liquor Authority of the State of New York, Respondent.— Proceeding under article 78 of the CPLR to annul a determination of the respondent State Liquor Authority, made December 11, 1963 after a hearing, which revoked petitioner's restaurant liquor license on two charges: (1) that he had permitted his son, a person not mentioned in the license, to avail himself of the license; and (2) that petitioner had made false representations in connection with his original application for the license. By order of the Supreme Court, Kings County, made December 27, 1963, pursuant to 7804 of the CPLR, the proceeding has been transferred to this court for disposition. Petition granted, without costs; determination of the State Liquor Authority annulled on the

---

\* Not published with other decisions of March 19, 1964, 20 A D 2d 771. — [Rep.

\*\* Not published with other decisions of February, 1964, 20 A D 2d 707.— [Rep.

law; and the Authority directed to reinstate forthwith the petitioner's restaurant liquor license for the current period March 1, 1963 to February 29, 1964. While there was substantial evidence to warrant the Authority's finding that petitioner was guilty of the two charges made against him, the Authority was precluded by statute (Alcoholic Beverage Control Law, § 118) from invoking these charges as a basis for canceling his license. This section provides that: "Notwithstanding the issuance of a license or permit by way of renewal, the liquor authority may revoke, cancel or suspend such license or permit * * * for causes or violations occurring during the license period immediately preceding the issuance of such license or permit * * *." This statute is one of limitation; it limits the Authority's power to deal with past offenses. Once the Authority has issued a license, the Authority has no power to suspend or revoke it for any cause or violation which occurred *prior* to the license period immediately preceding its issuance (*Matter of Benjamin* v. *State Liq. Auth.*, 13 N Y 2d 227). Here, three license periods are involved: (1) the period November 1, 1961 to February 28, 1962; (2) the period March 1, 1962 to February 28, 1963; and (3) the period March 1, 1963 to February 29, 1964. The determination under review was made on December 11, 1963; it affected only the license for the last or current period. However, it was the petitioner's false statements which he made incident to his original application in October, 1961 (at the very inception of his dealings with the Authority), coupled with his misconduct during the first license period immediately following (November, 1961 to February, 1962), which gave rise to the two causes or violations. While such violations may have continued into the second license period, as the Authority claims, nevertheless, in point of fact they arose — they occurred — during the first license period. The short Statute of Limitations prescribed by section 118 of the Alcoholic Beverage Control Law must be deemed to relate to the original occurrence of the violation, and not to its future continuance. To hold otherwise would be judicially to thwart the legislative will and to remove the short Statute of Limitations deliberately imposed by the Legislature. We conclude therefore that as matter of law the Authority exceeded its power in revoking petitioner's current license, since the violations actually *occurred* during the first license period and not "during the license period immediately preceding the issuance of such license" (*Matter of Benjamin* v. *State Liq. Auth., supra*; Alcoholic Beverage Control Law, § 118). In any event, the Authority's determination must be annulled on another independent ground. The hearing was concluded on October 16, 1962; the Authority then had full knowledge of petitioner's violations. Yet with full knowledge of all the facts, it issued a renewal license to petitioner on March 1, 1963 for the year ending February 29, 1964. An application for a renewal is to be regarded in exactly the same manner as an application for a new license (*Matter of Wager* v. *State Liq. Auth.*, 4 N Y 2d 465). The issuance of the renewal license on March 1, 1963 estopped the Authority thereafter from taking any action with respect to the petitioner's prior false statements and his prior conduct, of all of which it had full knowledge on October 16, 1962 (*Matter of Farley* v. *Miller*, 216 N. Y. 449; *Matter of A. E. F.'s, Inc.* v. *McKenzie*, 269 App. Div. 316). If the Authority wanted to preserve its right to revoke the license after the renewal on March 1, 1963, it should have stipulated with petitioner that the renewal would not affect the pending proceeding (*Matter of Benjamin* v. *State Liq. Auth.*, 13 N Y 2d 227, *supra*; *Matter of Rests. & Patisseries Longchamps* v. *O'Connell*, 271 App. Div. 684, affd. 296 N. Y. 888). Beldock, P. J., Kleinfeld, Christ and Rabin, JJ., concur; Ughetta, J., concurs in part and dissents in part, with the following memorandum: After a hearing

in October, 1962, petitioner's license was revoked on December 11, 1963. In the meantime, petitioner had received a renewal license in March, 1963. The stated violations were (1) permitting a person (petitioner's son) not mentioned in the license to avail himself of it in violation of section 111 of the Alcoholic Beverage Control Law, and (2) falsely representing in October, 1961 that he would leave his outside employment on approval of the application. There is substantial evidence to support the determination that petitioner's son was availing himself of the license in May, 1962. The fact that the violation of law had continued since the inception of the first license could not have vested any immunity in petitioner. However, the second violation, the misrepresentation, did not take place "during the license period immediately preceding the issuance of such license". Punishment, therefore, was barred by the Statute of Limitations of section 118 of the Alcoholic Beverage Control Law (*Matter of Benjamin* v. *State Liq. Auth.*, 13 N Y 2d 227). The date of actual discovery of the falsity of that representation does not toll that statute. In *Matter of Regal Wine & Liq.* v. *State Liq. Auth.* (12 A D 2d 920, mot. for lv. to app. den. 9 N Y 2d 613), petitioner had misrepresented the actual ownership of the business so that the false statement coexisted with an underlying substantive violation of section 111. That substantive violation continued up to the date of the hearing. Here, the underlying fact of other employment is not such a substantive violation. On the other hand, *Matter of Farley* v. *Miller* (216 N. Y. 449) and *Matter of A. E. F.'s, Inc.* v. *McKenzie* (269 App. Div. 316) furnish no authority for estopping the Authority. There is nothing to show that petitioner has been misled into applying for a renewal license or that its issuance had placed him in a worse position. Moreover, the language of section 118 appears to negate such an estoppel, as if in exchange for such a short Statute of Limitations. The determination should be annulled in part (CPLR 7806). Furthermore, the matter should be remanded to the Authority for reconsideration on the question of punishment, since only one of the charges properly remains.